**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 17, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                 No. 120617

NORMAN K. SMALL,

    Defendant-Appellant.

_____

**PER CURIAM**

This case involves a carjacking from a driver-victim who may have illegally come into possession of the vehicle. The trial court foreclosed defendant from presenting evidence at trial that might have shown the victim was not in lawful possession of the vehicle on the ground that such evidence was irrelevant.

Following a bench trial, defendant was convicted of carjacking, MCL 750.529a, and assault with intent to commit murder, MCL 750.83, and was sentenced to concurrent prison terms of seven to fifteen years for each conviction. The

Court of Appeals affirmed.[1]

Defendant has filed an application for leave to appeal, arguing, among other things, that his carjacking conviction is invalid because the prosecution did not prove that the driver of the vehicle was in lawful possession of the vehicle. We affirm the judgment of the Court of Appeals and reject defendant's claim that an element of the crime of carjacking required the driver to be in lawful possession of the vehicle in the context of this case.

I

Timothy Tyson testified that he knew defendant as a relative of his neighbors in Mississippi. Tyson said he agreed to drive defendant to Michigan from Mississippi. After arriving in Michigan, Tyson and defendant made several stops. At one point, Tyson pulled over so defendant could speak with Willie McCall. Defendant and McCall spoke to each other on the sidewalk while Tyson waited in the vehicle. Defendant and McCall got into the vehicle, asking Tyson to take McCall to a relative's house. While Tyson was driving, McCall grabbed him from behind and defendant reached across from the passenger's seat and stabbed him in the chest. Defendant said he was

---

[1] Unpublished opinion per curiam, issued October 26, 2001 (Docket No. 224913).

2

taking the vehicle, grabbed the wheel, and turned into an alley. Eventually defendant pushed Tyson out of the vehicle. Tyson reported the incident to the police, and defendant and McCall were arrested.[2]

When defense counsel began asking Tyson about the ownership of the vehicle, the trial court sustained a prosecution objection. In refusing to allow defendant to present evidence regarding the propriety of Tyson's possession of the vehicle, the court said:

> The first thing they teach you in criminal law is that the title of a thief is good against the whole world, except the true owner. As long as he had custody of that car, no one had a right to use any force to get it from him.

## II

Determining the scope of a criminal statute is a matter of statutory interpretation, subject to de novo review. *People v Stone*, 463 Mich 558, 561; 621 NW2d 702 (2001). The trial court's decision regarding the admission of evidence is reviewed for an abuse of discretion. *People v Layher*, 464 Mich 756, 761; 631 NW2d 281 (2001). However, where the decision regarding the admissibility of evidence involves a preliminary question of law, that question is reviewed de novo

---

[2]McCall was also convicted of carjacking and assault with intent to murder at a separate trial. His case is not before us.

on appeal.  *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

### III

Defendant claims that he was denied his right to present a defense and to confront witnesses because the trial court precluded him from questioning the victim with regard to whether he was in lawful possession of the motor vehicle.

It is generally understood that one need not rob the actual owner of property in order to be lawfully charged and convicted of armed robbery because it is sufficient if the victim has an interest in the property superior to that of the defendant.  *People v Rodgers*, 248 Mich App 702, 710-711; 645 NW2d 294 (2001).[3]

The case at bar presents the related question whether a stolen vehicle may be the subject of a carjacking.

The carjacking statute, MCL 750.529a(1), provides:

> A person who by force or violence, or by threat

---

[3]The *Rodgers* Court explained:

> [T]he essence of armed robbery is not that the property belonged to the victim, but rather that it belonged to someone other than the thief. To constitute an armed robbery, the property must be taken by force or violence, "'not necessarily from the owner, but from any person in possession thereof whose right of possession is superior to that of the robber.'" [*Id*. at 711-712 (citations omitted).]

4

of force or violence, or by putting in fear robs, steals, or takes a motor vehicle as defined in [MCL 750.412] from another person, in the presence of that person or the presence of a passenger *or in the presence of any other person in lawful possession of the motor vehicle*, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years. [Emphasis added.]

We begin by noting that the prosecutor's theory in this case was based on a taking "from another person, in the presence of that person."

Defendant contends that the "in the presence" part of the statute means that the person from whom the car is stolen must have had lawful possession of the vehicle. In contrast, the prosecution contends that the "lawful possession" portion of the statute refers only to takings "in the presence of any other person."

We agree with the trial court, the Court of Appeals, and the prosecution that "in lawful possession" only applies to the words "in the presence of any other person" in the carjacking statute. We note that this construction is consistent with the common grammatical rule of construction that a modifying clause will be construed to modify only the last antecedent unless some language in the statute requires a different interpretation.[4] *Stanton v Battle Creek*, 466 Mich

[4]Unless set off by commas, a modifying word or phrase, where no contrary intention appears, refers solely to the last

5

611, 616; 647 NW2d 508 (2002). Under this rule of construction, the phrase "in lawful possession" only modifies the phrase "in the presence of any other person." It does not modify the preceding phrases "in the presence of that person" or "in the presence of a passenger."

Having concluded that a driver need not be in lawful possession of a vehicle in order to have the vehicle carjacked, we conclude that the trial court did not err in precluding defendant from eliciting testimony that the driver may not have been in lawful possession of the vehicle because whether the driver was in lawful possession of the vehicle simply was not relevant to whether defendant is guilty of carjacking.

Logical relevance is the foundation for admissibility of evidence. *People v VanderVliet*, 444 Mich 52, 60; 508 NW2d 114 (1993). MRE 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court. Evidence which is not relevant is not admissible.

As defined by MRE 401, "relevant evidence" is evidence that has

---

antecedent. 2A Singer, Sutherland Statutory Construction (6th ed), § 47.33, p 369, 373.

any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

We also note that MCL 768.29 similarly provides:

It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence . . . to relevant and material matters . . . .

Given our conclusion that the victim need not have been in lawful possession of the vehicle, any evidence that the driver was not in legal possession of the vehicle was not related to any fact of consequence relating to the carjacking charge. Accordingly, such evidence was not relevant, and thus inadmissible. Therefore, the trial court properly precluded defendant from presenting evidence that the driver may not have been in lawful possession of the vehicle.

We conclude that the Legislature did not intend to require legal possession as a prerequisite to all carjacking convictions. Because the prosecutor's theory in this case was based on a taking "from another person, in the presence of that person," MCL 750.529a(1), we reject defendant's claim that the evidence was insufficient to support his carjacking conviction.

IV

We thus affirm defendant's carjacking conviction and

7

sentence. In all other respects we deny leave to appeal.

CORRIGAN, C.J., and WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH, J., concurred in the result only.