PEOPLE v SMITH

Docket No. 45337. Submitted January 15, 1980, at Detroit.—Decided March 18, 1980.

Jerry Smith was convicted, on his plea of guilty, of felonious assault. At the time of his plea before the Recorder's Court of Detroit, Vern C. Boewe, J., defendant was not informed of the four-year maximum sentence for felonious assault, apparently because it was the understanding of all involved that defendant would be sentenced to a prison term of one year and two months to two years. The trial judge at sentencing realized that he was obligated to impose a four-year maximum sentence. The trial court informed defendant of the four-year maximum sentence and gave defendant the opportunity to withdraw his guilty plea. Defendant declined the offer to withdraw his guilty plea and, rather, stood by his prior plea. Defendant was sentenced to a prison term of one year and two months to four years. Defendant appeals alleging as error the failure to inform him of the maximum sentence prior to the acceptance of the guilty plea and the failure to afford him his right to allocution at sentencing. *Held:*

1. The error of the trial court in failing to inform defendant of the maximum sentence prior to the acceptance of the guilty plea was overcome by the trial court's subsequently informing defendant of the maximum sentence and the unaccepted offer to permit defendant to withdraw his guilty plea. To hold otherwise would remove from the trial court the ability to correct its own errors.

2. The failure of the trial court to accord the defendant his right to allocution, that right being mandated by the court rules, necessitates remand for resentencing. The right of allocution must be accorded to the defendant even though any statement he might make would be meaningless in terms of the

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 487, 504, 505, 506, 510.5.

[2] 21 Am Jur 2d, Criminal Law § 530.

Necessity and sufficiency of question to defendant as to whether he has anything to say why sentence should not be pronounced against him. 96 ALR2d 1292.

sentence received, since the term of the sentence was fixed by the plea bargain agreement.

Conviction affirmed, but remanded for resentencing.

1. CRIMINAL LAW — PLEA OF GUILTY — MAXIMUM SENTENCE — SUBSEQUENT ADVISEMENT — NONWITHDRAWAL OF GUILTY PLEA — COURT RULES.

Any error which arises out of the failure to advise a defendant of the maximum sentence prior to the acceptance of a plea of guilty is overcome where the trial court, prior to sentencing, advises the defendant of the maximum sentence and gives the defendant the opportunity to withdraw his guilty plea and the defendant, confronted with accurate information, chooses to stand by his guilty plea (GCR 1963, 785.7[1][b]).

2. CRIMINAL LAW — PLEA OF GUILTY — SENTENCING — RIGHT OF ALLOCUTION — COURT RULES.

Remand for resentencing is mandated where a criminal defendant is not accorded his right to allocution; the right of allocution is mandatory (GCR 1963, 785.8[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Chari Grove,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. KELLY, P.J., and BRONSON and D. C. RILEY, JJ.

PER CURIAM. Defendant was convicted by his plea of guilty to the charge of felonious assault, MCL 750.82; MSA 28.277. He was sentenced to a prison term of from one year, two months to four years, and appeals as of right.

Defendant first argues his conviction should be reversed for the trial court's failure to advise him of the four-year maximum sentence for felonious assault. GCR 1963, 785.7(1)(b). See *Guilty Plea*

*Cases,* 395 Mich 96, 117-118; 235 NW2d 132 (1975). Apparently it was the original understanding of all involved that defendant would be sentenced to a term of one year and two months to two years. At sentencing, however, the trial court realized it was obligated to impose a four-year maximum. The trial court then informed defendant of the four-year maximum, and gave him the opportunity to withdraw his guilty plea. We hold this was sufficient to overcome the error resulting from the initial failure to advise defendant of the maximum sentence he faced. Realizing that a mistake had been made, the trial court corrected the error and then allowed the defendant a chance to withdraw or stand by his plea based on the correct information. To hold otherwise would remove from the trial court the ability to correct its own errors. Once confronted with an accurate version of the matter, defendant could have chosen to withdraw his plea and begin again, but instead he chose to stand by his plea of guilty. He cannot now claim his plea was given in the absence of information the trial court was required to impart.

Defendant next claims he should be resentenced because he was not given the right to speak before sentence was passed. The right of allocution has been made mandatory by GCR 1963, 785.8(2). The prosecution concedes that defendant was not accorded this right, but argues that, since there was a sentence agreement in the instant case, defendant's allocution would be meaningless. This argument unduly limits the purpose of the allocution right. Standard 5.4(a)(iii) of the American Bar Association's Standards Relating to Sentencing Alternatives and Procedures contains the allocution right, and the commentary to that section concedes that the major argument in favor of such

a right is its therapeutic effect. Standing convicted of a crime, the defendant should be accorded the right to speak regardless of whether it will actually affect the sentence ultimately imposed. While any statement the defendant may make might be "meaningless" in terms of the sentence to be received, we cannot say that the individual defendant would regard his or her remarks as meaningless.

Defendant's conviction is affirmed, and the case is remanded to the trial court for resentencing. Before resentencing, defendant will be invited to exercise his right of allocution.

Affirmed and remanded for resentencing.