PEOPLE v COCHRAN

Docket No. 51744. Submitted April 8, 1981, at Detroit.—Decided July 7, 1981.

Calvin Cochran was convicted of two counts of delivery of heroin. He appealed. The Court of Appeals affirmed his convictions, 84 Mich App 710 (1978). He then sought leave to appeal in the Supreme Court which, in lieu of granting leave, vacated his sentences for noncompliance with the two-thirds indeterminate sentence rule and remanded the case to the trial court, 407 Mich 934 (1979). On remand, the case was assigned to a different trial judge, who initially determined that the original sentencing judge had intended to impose the maximum indeterminate sentences and who then imposed corrected sentences to comply with the two-thirds rule, Detroit Recorder's Court, Michael F. Sapala, J. Defendant appeals, alleging that the original sentencing judge failed to consider him as an individual and based the determination of sentences on a recognition of heroin distribution as a community problem and that, upon imposing the corrected sentences following remand, the court erred in failing to order an updated presentence report. *Held:*

1. The original sentences were sufficiently tailored to the circumstances of the case and the defendant.

2. The trial judge, in imposing the corrected sentences, complied with the Supreme Court's order of remand. Once he had determined that the original sentencing judge had intended to impose the maximum indeterminate sentences, it was unnecessary to order an updated presentence report prior to imposing its corrected sentences.

Affirmed.

1. CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCES.

A minimum sentence cannot exceed two-thirds of the maximum sentence imposed on a defendant except where a mandatory

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d (Rev), Criminal Law §§ 542, 606.
[2] 21 Am Jur 2d (Rev), Criminal Law §§ 527, 595, 599.
[3] 21 Am Jur 2d (Rev), Criminal Law § 580.

term of life imprisonment or a statutorily prescribed minimum sentence is required.

2. Criminal Law — Sentencing.

A sentence should be tailored to the particular circumstances of a criminal case and an offender in an effort to balance society's need for protection and its interest in maximizing the offender's rehabilitative potential, and recognition by a trial court prior to imposing sentence that the crime for which a defendant has been convicted constitutes a particular societal problem does not indicate a failure to evaluate the defendant as an individual.

3. Criminal Law — Sentencing — Indeterminate Sentences — Corrected Sentences — Presentence Reports.

A trial judge who determines on remand that his predecessor intended to impose the maximum indeterminate sentence upon a defendant need not order an updated presentence report prior to imposing a corrected sentence which complies with the two-thirds indeterminate sentence rule.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: Danhof, C.J., and J. H. Gillis and D. E. Holbrook, Jr., JJ.

Per Curiam. On March 9, 1977, defendant was convicted by a Detroit Recorder's Court jury of two counts of delivery of heroin. MCL 335.341; MSA 18.1070(41).[1] He was sentenced by Judge Patricia J. Boyle on March 28, 1977, to two concurrent 15-to-20 year prison terms. Although this Court affirmed defendant's convictions, *People v Cochran,* 84 Mich App 710; 270 NW2d 502 (1978), the Supreme Court vacated defendant's sentences for

---

[1] Now MCL 333.7401; MSA 14.15(7401).

noncompliance with the two-thirds indeterminate sentence rule in *People v Tanner,* 387 Mich 683, 690; 199 NW2d 202 (1972):

"Leave to appeal considered December 7, 1979, and, pursuant to GCR 1963, 865.1(7), in lieu of leave to appeal, we vacate defendant's sentences and remand the case to Detroit Recorder's Court. If it was the trial judge's intent to impose maximum indeterminate sentences, then the minimums of 15 years must be corrected to conform with the two-thirds indeterminate sentence rule. If that was not the intent, then the trial judge shall redetermine the minimum sentences to be imposed. See *Brinson v Genesee Circuit Judge,* 403 Mich 676, 679 (1978). In all other respects the application is denied. We retain no further jurisdiction." *People v Cochran,* 407 Mich 934; 285 NW2d 659 (1979).

On remand, the case was assigned to Judge Michael F. Sapala. Judge Sapala determined that Judge Boyle had intended to sentence defendant to the maximum terms allowed and, therefore, he corrected the sentences by imposing concurrent 13-to-20 year terms. Defendant appeals as of right.

Defendant initially argues that Judge Boyle failed to evaluate him as an individual, but instead sentenced him based upon her own predilection with regard to heroin distribution as a community problem. In *People v Triplett,* 407 Mich 510, 513; 287 NW2d 165 (1980), the Supreme Court stressed that a "sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential".

Defendant's claim is meritless. It is true that Judge Boyle noted that the distribution of heroin, as contributed to by defendant, was a particular societal problem. However, her remarks in that

vein were only in response to defense counsel's contention that defendant's actions had a small impact on the problem. Judge Boyle went on to stress defendant's prior conviction for possession of heroin with intent to deliver and the relatively short time between his being paroled and the present offense. The sentence was sufficiently tailored to the circumstances of the case and defendant.

Defendant also urges that Judge Sapala erred in failing to order an updated presentence report. See *Triplett, supra.* This argument is likewise without merit. The order of remand from the Supreme Court directed Judge Sapala to initially determine whether his predecessor had intended to impose maximum indeterminate sentences. Since he concluded that Judge Boyle had so intended, he then needed only to correct the sentences to comply with the two-thirds rule. An updated presentence report would have been necessary only had Judge Sapala determined a contrary intent and been required to actually resentence.

Affirmed.