PEOPLE v FOY

Docket No. 60651. Submitted October 14, 1982, at Detroit.—Decided
     March 10, 1983.

     James G. Foy was convicted in Wayne Circuit Court, Donald L.
     Hobson, J., of second-degree murder and felony-firearm. Defen-
     dant was sentenced to a prison term of ten years to life
     imprisonment on the murder conviction to be served consecu-
     tively to a prison term of five years on the felony-firearm convic-
     tion. Defendant appealed. The Court of Appeals affirmed the
     convictions but held that the five-year sentence for a second
     felony-firearm conviction was not proper under the circum-
     stances and remanded to the trial court for resentencing consis-
     tent with the Court's opinion. *People v Foy* (Docket No. 51216,
     released July 31, 1981 [unreported]). Judge Hobson resentenced
     defendant to a prison term of two years on the felony-firearm
     conviction. Defendant was not represented by counsel at the
     resentencing proceeding, nor was he given an opportunity to
     allocute and no updated presentence report was prepared.
     Defendant appeals, arguing that resentencing as to the felony-
     firearm conviction is mandated by reason of the absence of
     counsel, the lack of opportunity to allocute and the absence of
     an updated presentence report at the resentencing and that his
     conviction on both second-degree murder and felony-firearm
     counts constitutes double jeopardy. *Held:*

     1. Since the resentencing of defendant was in the nature of a
     ministerial act mandated by this Court's prior opinion, and in
     view of the fact that the presence of counsel, the opportunity to
     allocute and the preparation of an updated presentence report

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 531, 583.
     21A Am Jur 2d, Criminal Law § 695.
     Necessity and sufficiency of question to defendant as to whether he
       has anything to say why sentence should not be pronounced
       against him. 96 ALR2d 1292.
[2] 21 Am Jur 2d, Criminal Law § 277.
     40 Am Jur 2d, Homicide § 184.
[3] 21 Am Jur 2d, Criminal Law §§ 542, 606.
[4] 21 Am Jur 2d, Criminal law § 583.

could in no way affect the sentence imposed, further remand for resentencing on the felony-firearm conviction is unnecessary.

2. The federal rule against double punishment was not violated by the convicting of defendant both of second-degree murder and possessing a firearm during the murder.

3. While not raised on appeal, it is noted that the sentence of ten years to life imprisonment violates the mandate of the indeterminate sentence act. Accordingly, that sentence is vacated and the matter is remanded for resentencing on the second-degree murder conviction.

Affirmed but remanded for resentencing on the second-degree murder conviction.

1. CRIMINAL LAW — SENTENCING — RESENTENCING.

An order of remand by the Court of Appeals directing the trial court to resentence a defendant in accordance with the determination by the Court of Appeals that the statutory requirements for imposition of a five-year rather than a two-year sentence for a felony-firearm conviction do not exist calls for a ministerial act by the trial court; under such circumstances the failure to provide an attorney at the resentencing, the failure to give the defendant an opportunity to allocute at the resentencing, and the failure to secure an updated presentence report do not render the resentencing invalid so as to require a further remand for resentencing.

2. HOMICIDE — SECOND-DEGREE MURDER — FELONY-FIREARM — DOUBLE PUNISHMENT.

The federal rule against double punishment is not violated by convicting a defendant both of second-degree murder and of carrying or possessing a firearm during the murder (MCL 750.227b, 750.317; MSA 28.424[2], 28.549).

3. CRIMINAL LAW — SENTENCING — LIFE SENTENCES — INDETERMINATE SENTENCES.

A sentence of a minimum of a number of years to a maximum of life imprisonment is invalid under the indeterminate sentencing statute (MCL 769.9; MSA 28.1081).

4. APPEAL — CRIMINAL LAW — SENTENCING — SUA SPONTE REVIEW.

The Court of Appeals can *sua sponte* address the question of the validity of a criminal sentence where, upon review of the record, the Court determines that the sentence imposed is contrary to statutory mandate; under such circumstances, the Court can, in its discretion, remand for resentencing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and WAHLS, JJ.

PER CURIAM. On April 7, 1980, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2), and was subsequently sentenced to a term of from ten years to life on the murder conviction to be served consecutively to a prison term of five years on the felony-firearm conviction. He appealed as of right. On July 31, 1981, this Court affirmed his convictions on both charges but *sua sponte* remanded the case for resentencing, holding that:

"While defendant's convictions of second-degree murder and felony-firearm were proper and are affirmed, the lower court record clearly indicates that defendant's first conviction for felony-firearm was on February 15, 1980. The offense from which defendant's second felony-firearm conviction arose occurred on May 27, 1979. A five-year term for a second offense of felony-firearm cannot be imposed unless the second offense is committed subsequent to the first conviction. *People v Sawyer,* 410 Mich 531, 533; 302 NW2d 534 (1981). Thus, the trial court erred in sentencing defendant to a five-year term on his felony-firearm conviction.

"Defendant's convictions are affirmed and the case remanded to the trial court for resentencing consistent with this opinion."

*People v Foy* (Docket No. 51216, released July 31, 1981 [unreported]).

On remand, the trial judge resentenced defendant to two years for the felony-firearm conviction. Defendant now argues that he should be resentenced because at the resentencing he was denied his right to have an attorney present, he was given no opportunity to allocute, and no updated presentence report was prepared.

When a defendant is being sentenced, he has the right to have counsel present. GCR 1963, 785.8; *People v Dickerson,* 17 Mich App 201; 169 NW2d 336 (1969). In fact, "[p]rovisions of subrule 785.8 are mandatory and failure to comply shall require resentencing". In *People v Theodorou,* 10 Mich App 409; 159 NW2d 765 (1968), *lv den* 391 Mich 837 (1974), the trial judge sentenced the defendant to a term of from 20 years to life imprisonment. Because this sentence violated MCL 769.9; MSA 28.1081, the trial judge later resentenced him to a term of from 20 to 40 years imprisonment. However, this Court vacated the new sentence and remanded the case for a new resentencing because the defendant did not have defense counsel present at the resentencing.

The Supreme Court in *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980), ruled that a trial judge must have an updated presentence report before resentencing a defendant. Subsequently, this Court held:

"The Supreme Court has recognized that accurate presentence reports enable sentencing judges to tailor sentences to the particular circumstances of the case as well as to the individual offender." *People v Anderson,* 107 Mich App 62, 64; 308 NW2d 662 (1981).

GCR 1963, 785.8(2) gives both the defendant and

his lawyer the right to allocution before sentencing. *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980). It is to be strictly complied with. *People v Theabold,* 117 Mich App 216; 323 NW2d 658 (1982). This right exists for two reasons. First, it gives a defendant the opportunity to affect his sentence. Second, it provides him a therapeutic benefit. *People v Smith,* 96 Mich App 346; 292 NW2d 206 (1980).

However, we do not believe that defendant is entitled to a resentencing in this case. In *People v Cochran,* 407 Mich 934; 285 NW2d 659 (1979), the Supreme Court vacated the defendant's sentences and remanded the case for resentencing and ordered:

> "If it was the trial judge's intent to impose maximum indeterminate sentences, then the minimums of 15 years must be corrected to conform with the two-thirds indeterminate sentence rule. If that was not the intent, then the trial judge shall redetermine the minimum sentences to be imposed."

On remand, the case was assigned to a different trial judge. He imposed the corrected sentences complying with the two-thirds rule after determining that the original sentencing judge had intended to impose the maximum indeterminate sentences. The defendant, on appeal, argued that the new sentencing judge should have ordered an updated presentence report. However, this Court disagreed:

> "The order of remand from the Supreme Court directed Judge Sapala to initially determine whether his predecessor had intended to impose maximum indeterminate sentences. Since he concluded that Judge Boyle had so intended, he then needed only to correct the sentences to comply with the two-thirds rule. An up-

dated presentence report would have been necessary only had Judge Sapala determined a contrary intent and been required to actually resentence." *People v Cochran,* 107 Mich App 585, 588; 309 NW2d 678 (1981).

For all intents and purposes, defendant in fact was not resentenced. The trial judge was merely carrying out a direct order from this Court in imposing a two-year sentence rather than a five-year sentence. This Court instead could just as easily have corrected the sentence itself. GCR 1963, 820.1(7).

A defense counsel is necessary at sentencing for presentation " 'to the court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the defendant's past record; and, in short, to appeal to the equity of the court' ". *People v Dye,* 6 Mich App 217, 219; 148 NW2d 501 (1967). However, in this situation, a defense counsel could not have helped defendant. This Court specifically directed the trial judge to impose a two-year sentence. Likewise, an updated presentence report could not possibly have affected the sentence.

Furthermore, even if defendant had been allowed to allocute, he could not possibly have affected the sentence. True, the therapeutic value would still have been present. However, he was given his right to allocute when he was originally sentenced. As such, we do not believe that defendant is entitled to a resentencing under these circumstances. If we remanded for resentencing, the trial judge would give him precisely the same sentence he now has. Remanding here is unnecessary.[1]

Citing *People v Powell,* 90 Mich App 273; 282

---

[1] Our ruling applies only to this case's facts. It does not apply for example to a defendant being sentenced for first-degree murder.

NW2d 803 (1979), *remanded on other grounds* 411 Mich 966 (1981), defendant last argues that convictions for both second-degree murder and felony-firearm constitute double jeopardy. However, *Powell* was overruled *sub silentio* by *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *app dis* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979). See also *Missouri v Hunter,* — US —; 103 S Ct 673; 74 L Ed 2d 535 (1983).

Before concluding, we believe we should address one more issue. MCL 769.9(2); MSA 28.1081(2) states: "The court shall not impose a sentence in which the maximum penalty is life imprisonment with a minimum for a term of years included in the same sentence." The ten-year to life sentence in the present case is invalid. *People v Boswell,* 95 Mich App 405; 291 NW2d 57 (1980); *People v Holcomb,* 47 Mich App 573; 209 NW2d 701 (1973), *rev'd on other grounds* 395 Mich 326; 235 NW2d 343 (1975); *People v Harper,* 39 Mich App 134; 197 NW2d 338 (1972). Therefore, we vacate defendant's ten-year to life sentence for his second-degree murder conviction and remand the case for a resentencing. Where this Court has all the facts necessary for resolution and the law is clear, this Court has the discretion to *sua sponte* remand for a resentencing. *People v Johnson,* 115 Mich App 630, 638-639; 321 NW2d 752 (1982) (T. M. BURNS, J., *dissenting).*

Defendant's sentence for felony-firearm is affirmed, his sentence for second-degree murder is vacated, and this case is remanded for resentencing consistent with this opinion.