PEOPLE v GRADY

Docket No. 138215. Submitted February 3, 1994, at Lansing. Decided
March 22, 1994, at 9:05 A.M.

Michael J. Grady pleaded guilty in the Washtenaw Circuit Court,
Edward D. Deake, J., of open murder. The court determined the
murder to have been in the second degree and sentenced the
defendant to twenty-two to fifty years' imprisonment. The
defendant moved for resentencing, claiming incorrect scoring
under the sentencing guidelines. The court, Donald E. Shelton,
J., granted the motion and subsequently resentenced the defen-
dant to forty to sixty years' imprisonment, departing from the
recommendation of eight to twenty-five years under the guide-
lines for reasons that were in part stated in writing before the
resentencing. The defendant appealed.

The Court of Appeals *held:*

1. The sentence imposed at resentencing is proportionate to
the seriousness of the circumstances surrounding the offense
and the offender.

2. Allocution at resentencing was not rendered meaningless
when Judge Shelton reduced some of his reasons for departing
from the sentencing guidelines to writing before the resentenc-
ing.

3. The presumption of vindictiveness does not apply to this
case because the longer sentence at resentencing was not
imposed by the judge who originally sentenced the defendant.

4. There is no merit to the defendant's claim that initial
appellate counsel's failure to obtain a guarantee from Judge
Shelton that resentencing would not result in a longer sentence
constituted ineffective assistance of counsel. The defendant
failed to cite supporting authority for the proposition and did
not overcome the presumption that moving for resentencing
was sound trial strategy.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *William F. Delhey,* Prose-
cuting Attorney, and *Marilyn A. Eisenbraun,* As-
sistant Prosecuting Attorney, for the people.

*Michael J. Brady,* for the defendant on appeal.

Before: McDONALD, P.J., and FITZGERALD and
M. F. SAPALA,* JJ.

PER CURIAM. Defendant pleaded guilty as
charged of open murder, MCL 750.316; MSA
28.548, before now retired Washtenaw Circuit
Judge Edward D. Deake. After a hearing to deter-
mine the degree of the murder, Judge Deake found
defendant guilty of second-degree murder, MCL
750.317; MSA 28.549, and sentenced him to a
prison term of twenty-two to fifty years.

Defendant filed a motion to withdraw his guilty
plea and a motion for resentencing on the basis of
a misscoring of the sentencing guidelines that
resulted in a sentencing guidelines' range of ten to
twenty-five years. Defendant subsequently with-
drew his motion to withdraw his plea, but pro-
ceeded with his motion for resentencing. Defen-
dant's motion for resentencing was granted by
Judge Deake's successor, Judge Donald E. Shelton.
Judge Shelton found that the guidelines were
incorrectly scored and that a proper scoring of the
guidelines resulted in a lower guidelines' range of
eight to twenty-five years. Judge Shelton, having
the benefit of the principle of proportionality set
forth in *People v Milbourn,* 435 Mich 630; 461
NW2d 1 (1990), resentenced defendant to forty to
sixty years' imprisonment.

Upon the withdrawal of defendant's assigned
appellate counsel, substitute counsel was ap-
pointed. Defendant's motions to remand this case
to the trial court in order to bring motions for
resentencing and recusal, and to bring a motion

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

for a *Ginther*[1] hearing were denied. Defendant appeals as of right. We affirm.

Defendant first claims that his sentence is disproportionate. We disagree. Judge Shelton set forth sufficient reasons for the departure on the record and in his seven-page "Statement of Reasons for Departure from Sentencing Guidelines" to justify the departure. In particular, Judge Shelton noted that "the multiple, grizzly [sic] wounds which were subsequently inflicted on [the victim] make this offense far worse than other unpremeditated attacks which result in second degree homicide convictions."[2] The sentence is proportionate to the seriousness of the circumstances surrounding both the offense and the offender. *Milbourn, supra.*

Contrary to defendant's assertion, Judge Shelton did not render allocution meaningless by reducing to writing his reasons for the sentence departure before sentencing. Judge Shelton complied with MCR 6.425(D)(2), and there is nothing in the record to indicate that Judge Shelton had decided upon a particular sentence before defendant's allocution.

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

[2] In support of this conclusion, Judge Shelton stated in his written opinion:

> The pathologist testified that there were "multiple deep cuts on the palms of both hands" such as "one sees on a person who has been defending himself against an attack with a sharp instrument." He found an eight inch long wound on the victim's neck where [the victim's] throat had been slashed "almost from ear to ear." Nevertheless, that grotesque wound apparently did not sever the major vessels long enough to kill him and the pathologist found another three inch long laceration below the large one. This second neck wound severed the jugular vein. . . . He found another stab wound above the breastbone in the front part of [the victim's] throat. That stabbing instrument went all the way through [the victim's] windpipe and into the vertebra at the back of his neck. The pathologist also found a two-inch shallow cut on the underside of the chin, two shallow cuts on the right shoulder, and a cut on top of [the victim's] head.

Further, Judge Shelton properly determined that the presumption of vindictiveness did not apply in this case. See *People v Mazzie,* 429 Mich 29; 413 NW2d 1 (1987) (when the same judge resentences a defendant, a sentence in excess of that judge's first sentence will be presumed to be vindictive).

Defendant also maintains that he was denied the effective assistance of counsel when his initial appellate attorney allowed resentencing to take place before Judge Deake's successor without obtaining a guarantee from Judge Shelton that he would not impose a sentence greater than the original sentence imposed by Judge Deake. However, defendant has cited no authority in support of the proposition that counsel's failure to ensure that resentencing would not result in a sentence that is longer than the original sentence constitutes a "serious mistake" under the objective standard of reasonableness. *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991). Defendant has failed to overcome the presumption that the action of moving for resentencing was sound trial strategy. *People v Armendarez,* 188 Mich App 61; 468 NW2d 893 (1991).

Affirmed.