PEOPLE v PARISH

Docket No. 280506. Submitted January 7, 2009, at Lansing. Decided
January 15, 2009, at 9:05 a.m. Leave to appeal sought.

Curtis Parish pleaded guilty in the Jackson Circuit Court, Alexander
C. Perlos, J., of first-degree criminal sexual conduct and was
sentenced to imprisonment for 126 months to life. Years later, the
Department of Corrections advised the court that the sentence
violated MCL 769.9(2), which provides that a court shall not
impose a sentence in which the maximum penalty is life impris-
onment and the minimum is for a term of years. The court, Chad
C. Schmucker, J., resentenced the defendant to imprisonment for
210 months to 360 months. The defendant appealed by leave
granted, challenging the longer minimum sentence imposed at
resentencing.

The Court of Appeals *held*:

A violation of MCL 769.9(2) renders the entire sentence in-
valid. A wholly invalid sentence must be vacated in its entirety, and
the resultant resentencing must be de novo. Accordingly, the court
at resentencing was not precluded from imposing a minimum
sentence that was longer than the original minimum.

Affirmed.

SENTENCES — INVALID LIFE SENTENCES — RESENTENCING.

A sentence whose maximum term is life imprisonment and mini-
mum term is a term of years is invalid in its entirety; resentencing
after such an invalid sentence is de novo, and the resentencing
court is not precluded from imposing a minimum term that is
longer than the original minimum (MCL 769.9[2]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, *Henry C. Zavislak*, Prosecuting At-
torney, and *Jerrold Schrotenboer*, Chief Appellate Attor-
ney, for the people.

*Gerald Ferry* and Curtis Parish, *in propria persona.*

Before: MURRAY, P.J., and O'CONNELL and DAVIS, JJ.

DAVIS, J. Defendant appeals by leave granted his amended sentence of 210 months to 360 months of imprisonment, with 2,093 days of jail credit. Defendant pleaded guilty to one count of first-degree criminal sexual conduct, MCL 750.520b(1)(b)($i$) (victim at least 13 but less than 16 years of age and member of same household), and he was originally sentenced to imprisonment for 126 months to life.[1] Several years later, the Department of Corrections noticed that this was an invalid sentence and advised the trial court of that fact. Defendant was then resentenced by a successor judge, the judge who imposed his original sentence having since retired. We affirm.

Defendant's original sentence violated MCL 769.9(2), which provides:

> In all cases where the maximum sentence in the discretion of the court may be imprisonment for life or any number or term of years, the court may impose a sentence for life or may impose a sentence for any term of years. If the sentence imposed by the court is for any term of years, the court shall fix both the minimum and the maximum of that sentence in terms of years or fraction thereof, and sentences so imposed shall be considered indeterminate sentences. The court shall not impose a sentence in which the maximum penalty is life imprisonment with a minimum for a term of years included in the same sentence.

The original sentence contained a minimum of a term of years and a maximum of life. It is therefore not disputed that it was invalid. Defendant now contends that al-

---

[1] Defendant pleaded guilty in exchange for the prosecutor agreeing not to proceed on an habitual offender count. At that time, defendant affirmed to the trial court that he understood that he could be imprisoned for life or any term of years. Defendant's conviction is not at issue in this appeal.

though the trial court was obligated to impose a new and valid maximum term on resentencing, the trial court was *not* permitted to impose a longer minimum term. We disagree.

Ultimately at issue is whether a violation of MCL 769.9(2) renders invalid the entire sentence or only part of it. Where a sentence is partially invalid, only the invalid part is to be vacated for resentencing; however, a wholly invalid sentence is to be vacated in its entirety, and resentencing is to be de novo. *People v Williams (After Second Remand)*, 208 Mich App 60, 63-65; 526 NW2d 614 (1994).

This Court has previously held that a violation of MCL 769.9(2) requires vacation of the entire sentence and a remand for resentencing. See *People v Foy*, 124 Mich App 107, 113; 333 NW2d 596 (1983); *People v Boswell*, 95 Mich App 405, 410-411; 291 NW2d 57 (1980); *People v Holcomb*, 47 Mich App 573, 590; 209 NW2d 701 (1973), rev'd on other grounds 395 Mich 326 (1975); *People v Harper*, 39 Mich App 134, 142-143; 197 NW2d 338 (1972). These cases were decided before the enactment of the "first out rule," MCR 7.215(J)(1), and technically do not bind us, and they do not contain any explicit consideration of the precise point now before us. However, we agree with the above cases that a violation of MCL 769.9(2) renders a sentence wholly invalid. The problem is not that the maximum exceeded some particular limit, but rather that the original sentence was an impermissible *combination of* terms. Therefore, it must be vacated in its entirety for a resentencing de novo.

We conclude that the trial court was not precluded from imposing a new sentence with a longer minimum term. Furthermore, a different judge imposed defendant's second sentence, so the presumption of vindic-

tiveness where a defendant is resentenced to a longer term does not apply. *People v Grady*, 204 Mich App 314, 317; 514 NW2d 541 (1994).

We therefore affirm defendant's sentence.