# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

FRANKLIN CURTIS LOVE,

        Defendant-Appellant.

UNPUBLISHED
March 1, 2016

No. 324542
Wayne Circuit Court
LC No. 14-003709-FC

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted by jury of armed robbery, MCL 750.529, carjacking, MCL 750.529a, receiving and concealing stolen property, MCL 750.535(7), unlawful driving away of a motor vehicle, MCL 750.413, and larceny from a motor vehicle, MCL 750.356a(1). The trial court sentenced defendant, within the minimum guidelines range as scored, to serve concurrent terms of 144 months to 30 years for both his armed robbery and carjacking convictions, and 12 months to 5 years for his convictions of receiving and concealing stolen property, unlawful driving away of a motor vehicle, and larceny from a motor vehicle. Defendant appeals as of right, asserting that his sentences should be vacated and the case should be remanded for resentencing. For the reasons stated in this opinion, we affirm.

In conjunction with the instant appeal, defendant filed a motion for remand with this Court, arguing that the trial court erred in scoring offense variables (OVs) 2 and 12 of the legislative sentencing guidelines. We remanded the matter so that defendant could move for resentencing in the trial court.[1] Pursuant to our order, defendant's motion for resentencing was heard by the trial court. Although the trial court determined that OV 12 had been scored incorrectly, the court denied defendant's motion for resentencing because, in the court's opinion, additional OV points could be assessed for OVs 1, 13, and 19. Defendant did not file a supplemental brief addressing the merits of the trial court's decision on remand.

---

[1] *People v Love,* unpublished order of the Michigan Court of Appeals, entered January 23, 2015 (Docket No. 324542).

-1-

In his brief on appeal, defendant argues that OVs 2 and 12 were improperly scored.[2]

OV 2 addresses a defendant's use of a weapon. MCL 777.32. The court must score five points if the "offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." MCL 777.32(1)(d). Defendant argues that OV 2 was improperly scored because the only weapon recovered was a black facsimile gun. However, the victim testified that defendant pointed a silver revolver at him. Thus, the victim's testimony supported a finding by a preponderance of the evidence that defendant used a gun during the offense. See *People v Harverson*, 291 Mich App 171, 182; 804 NW2d 757 (2010) (affirming a score of five points for OV 2 when "the presentence investigation report indicate[d] that defendant pointed the gun at [the victim's] face" and the mother and stepfather of the victim testified "that defendant brandished a gun during the robbery"). The trial court did not err in scoring OV 2 at five points.

OV 12 addresses contemporaneous felonious criminal acts. MCL 777.42. The trial court must assess ten points either if "[t]wo contemporaneous felonious criminal acts involving crimes against a person were committed" or if "[t]hree or more contemporaneous felonious criminal acts involving other crimes were committed." MCL 777.42(1)(b) and (c). The prosecutor concedes that OV 12 should have been scored at zero points. Because there do not appear to be any contemporaneous criminal acts that occurred within 24 hours of the sentencing offense that have not "and will not result in a separate conviction," MCL 777.42(2)(*i*) and (*ii*), we agree that OV 12 should have been scored at zero points.

Defendant received 20 OV points and 52 prior record variable (PRV) points, which placed him in OV Level II and PRV Level E. His minimum guidelines range was 108 to 180 months. Deducting 10 points from defendant's OV score would lower his OV score to 10 points, which would put him in OV Level I and would lower his minimum guidelines range to 81 to 135 months.

However, during the motion for resentencing, the prosecutor argued that OV 1 should have been scored at 15, not five points; that OV 13 should have been scored at ten points, not zero points; and that OV 19 should have been scored at either ten or 15 points, not zero points. Defendant opposed the prosecutor's proposed changes for OVs 1 and 19; however, with regard to the ten points for OV 13, defendant stated that he would leave the assessment of points to the "discretion" of the trial court. The trial court then indicated that, if it were to grant resentencing, it would score OV 13 at ten points.

OV 13 addresses a continuing pattern of criminal behavior. MCL 777.43. The trial court must assess ten points if "[t]he offense was part of a pattern of felonious criminal activity

---

[2] "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

involving a combination of 3 or more crimes against a person or property[.]" MCL 777.43(1)(d). Here, the presentence investigative report established that, in addition to the sentencing offense, defendant had committed two additional crimes against a person or property within five years. See MCL 777.43(2). In 2010, defendant was convicted of felonious assault, MCL 750.82, which is a crime against a person, MCL 777.16d. Then in 2014, defendant was convicted of breaking and entering a vehicle causing damage to the vehicle, MCL 750.356a(3), which is a crime against property. MCL 777.16r. Counting those two crimes in addition to the sentencing offense of armed robbery, which was a crime against property, MCL 777.16y, the record shows by a preponderance of the evidence that a score of ten points is appropriate under OV 13.

Given the fact that the trial court stated it would assess ten points for OV 13 if it were to resentence defendant, that defendant stated he would rely on the trial court's discretion with regard to scoring OV 13, and that our review of the record shows that such a scoring is, in fact, supported by the record, we decline to remand for resentencing.[3] Adding ten points to defendant's OV score would once again result in an OV score of 20 points, which means that defendant's guidelines range would not change. Accordingly, in the interest of judicial economy, we affirm.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro

---

[3] We note that if we vacated defendant's sentence based on the scoring error contained in OV 12, and remand for resentencing, "the case [would be] placed in a presentence posture." *People v Davis*, 300 Mich App 502, 509; 834 NW2d 897 (2013), abrogated on other grounds *People v Rhodes (On Remand)*, 305 Mich App 85; 849 NW2d 417 (2014). Therefore, "every aspect of the sentence is before the judge de novo[.]" *Id.* at 509 (brackets in original; quotation omitted). Because every aspect of the sentence is to be reconsidered on resentencing, it is possible for a defendant to be sentenced to a higher minimum sentence on remand. See *People v Parish*, 282 Mich App 106, 108-109; 761 NW2d 441 (2009). Accordingly, there would be nothing improper about the trial court correcting the scoring of other offense variables, including the score for OV 13.