*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER LEE RANDOLPH,

        Defendant-Appellant.

UNPUBLISHED
May 30, 2019

No. 340167
St. Clair Circuit Court
LC No. 17-001143-FC

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct, MCL 750.520b(2)(b) (sexual penetration by an individual 17 years of age or older against an individual less than 13 years), and two counts of second-degree criminal sexual conduct, MCL 750.520c(2)(b) (sexual contact by an individual 17 years of age or older against an individual less than 13) involving defendant's actions with respect to his then 9 year-old daughter. The trial court sentenced defendant to 25 years to life in prison for each first-degree criminal sexual conduct conviction, to be served consecutively to each other but concurrent with sentences of 10 to 15 years' imprisonment for each second-degree criminal sexual conduct conviction. We affirm defendant's convictions, but remand for further sentencing proceedings consistent with this opinion.

## I. CORPUS DELICTI RULE

Defendant first contends that the trial court violated the corpus delicti rule when it entered his confession into evidence without independent evidence of penetration, an essential element of first-degree criminal sexual conduct that must be shown as the "specific injury" before defendant's confession could be admitted. Defendant contends that the only evidence of penetration came from his confession, which he retracted at trial. Therefore, defendant argues, the court could not convict him of first-degree criminal sexual conduct. We disagree.

This issue was not preserved by an objection at the trial. Therefore, this Court's review is limited to plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). This Court reviews the trial court's decision to admit or exclude evidence for

-1-

an abuse of discretion. *People v Herndon*, 246 Mich App 371, 406; 633 NW2d 376 (2001). This Court also reviews the trial court's decision regarding the corpus delicti requirement for an abuse of discretion. *People v Burns*, 250 Mich App 436, 438; 647 NW2d 515 (2002).

"The corpus delicti rule requires that a preponderance of direct or circumstantial evidence, independent of a defendant's inculpatory statements, establish the occurrence of a specific injury and criminal agency as the source of the injury before such statements may be admitted as evidence." *Id.* (citations omitted). "The corpus delicti rule is designed to prevent the use of a defendant's confession to convict him of a crime that did not occur." *People v Konrad*, 449 Mich 263, 269; 536 NW2d 517 (1995).

According to *People v Cotton*, 191 Mich App 377, 394; 478 NW2d 681 (1991):

the corpus delicti rule is satisfied and a defendant's confession may be admitted into evidence when the prosecutor presents direct or circumstantial evidence, independent of the confession, establishing (1) the occurrence of the specific injury and (2) some criminal agency as the source of the injury. Once this showing is made, a defendant's confession may be used to establish identity, intent, or aggravating circumstances.

If the prosecutor makes the necessary showing, above, "[a] defendant's confession then may be used to elevate the crime to one of a higher degree or to establish aggravating circumstances." *Id*. at 389.

In this case, the victim is the defendant's nine-year-old biological daughter. The partner of the victim's mother testified that the victim told her that her father had touched her with his privates on her "no-no spot," and that it itched and burned down there. The partner called the victim's mother, who hurried home and took the child to the emergency room. Dr. Persyn, the emergency room physician who examined the victim, testified that the victim told Persyn that her dad (defendant) walked into the room "and told her to get up and get naked and get in his bed," which she did. The victim told Persyn this had happened "frequently in the past." The victim said that her dad got on top of her and placed himself between her legs. The victim stated that he had never "hurt" her before, but this time he "put something up inside of her" that hurt. Because the victim said it burned when she urinated, she was given a urine test, which was positive for a urinary tract infection. The physician testified that she observed no major trauma on the child, but that in the majority of abused patients there was usually not much physical evidence of penetration. An expert in forensic nursing also testified that she found no signs of sexual or physical trauma on the child, but that probably 90% of sexually abused children do not have any visible scars or injuries. The expert testified that because in young children the hymen was not "estrogenized yet," if something touched their hymen, it would be very painful but would not necessarily cause any visible injury. The forensic examiner stated that what she found was consistent with sexual abuse for children.

Upon review of the record, we find that a preponderance of the direct and circumstantial evidence provided independent proof that sexual abuse had occurred and that defendant was the source of the injury prior to the admission of defendant's confession. Therefore, the corpus delicti of criminal sexual conduct was established before defendant's confession was admitted

into evidence. *Konrad*, 449 Mich at 269-270; *Burns*, 250 Mich App at 438. Defendant's confession was properly admitted to elevate the crime to first-degree criminal sexual conduct. *Cotton*, 191 Mich App at 389. Therefore, we hold that there was no violation of the corpus delicti rule and the trial court did not abuse its discretion in admitting defendant's confession.

## II.  PROSECUTORIAL MISCONDUCT

Next, defendant raises two claims of prosecutorial misconduct. He maintains that the prosecutor improperly bolstered the victim's credibly and also injected an outside issue into the case. We disagree.

Defendant did not raise the issue of prosecutorial misconduct in the lower court. Therefore, our review is limited to plain error affecting substantial rights. *Carines,* 460 Mich at 763. Absent a proper objection, review is precluded unless an objection could not have cured the error or failure to review the issue would result in a miscarriage of justice. *People v Unger*, 278 Mich App 210, 234-235; 749 NW2d 272 (2008).

Claims of prosecutorial misconduct are reviewed on a case-by-case basis, examining the remarks in context, to determine whether the defendant received a fair and impartial trial. *People v Callon*, 256 Mich App 312, 330; 662 NW2d 501 (2003); *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). They are generally free to argue the evidence and any reasonable inferences that may arise from the evidence. *Id*. However, a defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence. *Dobek*, 274 Mich App at 63-64.

Defendant first claims that the prosecutor improperly attempted to bolster the victim's credibility when he told the jury several times in closing argument that the victim recounted to the expert in forensic nursing the allegations against defendant, a fact not supported by the evidence. We find this claim to be without merit.

The record shows that the victim had both an emergency room examination and a physical examination at the Child Advocacy Center. The expert in forensic nursing who had examined the child testified that she did not discuss the allegations with the victim, but she knew what the allegations were prior to examination because she had been informed by the other examiner and the victim's mother. The record supports the prosecutor's argument that the nurse's testimony about her observations was consistent with what the victim had alleged. And, while the child may not have made statements directly to the expert in forensic nursing regarding what had happened, this possible misstatement did not affect the outcome of the proceedings, i.e. it did not constitute plain error affecting substantial rights. *Carines,* 460 Mich at 763. This is necessarily so as it was proper for the prosecutor to state that the victim "discloses . . . again and again." The record shows that the victim made consistent allegations to her mother's partner, her mother, the emergency room doctor, the prosecutor, and the jury.

Defendant's second claim is that the prosecutor improperly injected an issue broader than the defendant's guilt or innocence when he asked questions about the examination of the victim's

-3-

younger sister. Defendant contends that this caused the jury to speculate that defendant may have also sexually abused the younger child. Defendant contends that these questions were so prejudicial as to be potentially outcome-determinative because, while the jury might have had a reasonable doubt about the victim, they may have convicted him because they thought he sexually abused the victim's sister. Again, we disagree.

The record shows that the prosecutor asked about the examination of the victim's sister in order to determine the time of the examinations because the nurse had neglected to put the time of the victim's examination in the victim's record. In order to clarify that the prosecutor was not insinuating any untoward actions by the defendant to the younger sister, the prosecutor clarified that the sister had been examined only as a precautionary or preventative measure. The jury was twice instructed that the statements of attorneys are not evidence. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

Moreover, our review of the record shows that there was substantial evidence that defendant had sexually abused the victim, including the doctor's conclusions and the conclusions of the forensic examiner, the victim's many consistent statements to several people and to the jury, the fact that defendant's confession corroborated almost exactly what the victim's allegations described, and, importantly, the testimony of the victim. The victim testified that defendant put his hand on her privates and tried to put his private inside her private. She testified that defendant was "pushing" his private on her private and that it hurt. She testified that she told her mother's partner the next day because it "stinged" when she peed.

Defendant's claims of prosecutorial misconduct are without merit. The prosecutor's questions and statements did not deny defendant a fair and impartial trial and there was no plain error affecting his substantial rights. *Carines,* 460 Mich at 763.

## III. SENTENCING

Defendant raises several issues regarding sentencing, two of which require that we remand this matter to the trial court for resentencing. He first maintains that the court prematurely imposed consecutive sentences during the pretrial hearing and impermissibly interjected itself into the plea process. He also argues that the court failed to sufficiently justify its imposition of consecutive sentencing at the sentencing hearing. Defendant also contends that the court erred in sentencing him to 25 years to life rather than to a term of years or to life. Finally, defendant maintains that these errors require resentencing before a different judge. We consider these issues separately.

## A. PRETRIAL HEARING

Defendant contends that the court impermissibly intruded into the plea bargaining process and prematurely imposed consecutive sentences at the pretrial hearing. We disagree. Defendant's failure to preserve this issue requires this Court to review for plain error affecting substantial rights. *Carines,* 460 Mich at 763.

In *People v Killebrew,* 416 Mich 189, 205; 330 NW2d 834 (1982), our Supreme Court held:

-4-

> [A] trial judge shall not initiate or participate in discussions aimed at reaching a plea agreement. He may not engage in the negotiation of the bargain itself. The trial judge's role in the plea-bargaining procedure shall remain that of a detached and neutral judicial official.

In *People v Cobbs*, 443 Mich 276, 281; 505 NW2d 208 (1993), the Court addressed the issue of whether it should "reconsider the prohibition against judicial involvement in sentence bargaining as announced in *Killebrew*." In *Cobbs* the Court modified the rules governing judicial participation in sentence discussions holding:

> At the request of a party, and not on the judge's own initiative, a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense. . . .
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. . . .
>
> A judge's candid statement of how a case appears at an early stage of the proceedings does not prevent the judge from deciding the case in a fair and evenhanded manner later, when additional facts become known. [*Id.* at 282 (Emphasis in original).]

The *Cobbs* Court clarified that this modification did not "diminish" the principles stated in *Killebrew*. *Cobbs*, 443 Mich at 284.

At the pretrial hearing in the present case, defense counsel advised the court that there had been numerous conversations between defendant, defense counsel, and the prosecutor concerning a possible plea resolution. Defense counsel stated, and defendant agreed, that they had discussed the possible lengthy sentence if defendant was to be convicted, including that the mandatory minimum of 25 years for each count and that these sentences could run consecutive to each other. Defense counsel further stated that the plea offer would place him in a sentencing range of nine to fifteen years' imprisonment and defendant acknowledge that he was aware of the offer and possible sentence. Defendant stated that he did not want to plead in the matter.

The prosecutor then detailed to the court the "overwhelming" evidence it had against defendant and the witnesses to support convictions on all counts. The prosecutor detailed the plea offer and stated that it was intended to protect defendant's young daughter, the nine-year-old victim, from having to testify in open court. The prosecutor stated that, given the aggravated nature of the offenses and the strength of the case the prosecution would be putting into evidence, the prosecution thought the trial court would have a very compelling reason to impose consecutive sentencing.

Finally, the court addressed defendant, who was 29 years old at the time of the pretrial hearing, and informed him that he would be 79 years old before he could go before the parole board. The court stated that the sentencing guidelines left it some discretion, but there was a mandatory minimum sentence of 25 years if he got convicted, and that the trial court had no

option for deviation from that sentence. The court told defendant it did not want anyone to plead guilty to a crime they did not commit, and that defendant knew what had happened and he knew the evidence against him. The court gave defendant a few minutes for a final meeting with his attorney about the plea offer so that defendant could make a rational decision, keeping in mind the possibility of a minimum 50 years' imprisonment. When defendant again rejected the plea offer, the court stated that defendant had "every right" to appear before the jury and he would be afforded that right.

We find that the court did not impermissibly initiate or even engage in the negotiations aimed at reaching a plea agreement. The court merely stated the possible "length of sentence that, on the basis of the information then available to the judge, appear[ed] to be appropriate for the charged offense." *Cobbs*, 443 Mich at 283. Taken in context and considering all the information the court had been given, we find that the court merely wanted to make sure that defendant completely understood the gravity of the risk he was taking by rejecting the plea and understood that the court had certain mandatory obligations and also the discretion to impose consecutive sentencing. The court pointed out the reality that existed if defendant did not take the plea and was convicted of the charged crimes. This did not prevent the court from deciding the sentence in a fair and evenhanded manner at the sentencing hearing.

### B. SENTENCE OF 25 YEARS TO LIFE

In sentencing defendant, the trial court stated, "[I]t's the sentence of this Court that you be committed to the Michigan Department of Corrections for *a period of 25 years mandatory minimum to life in prison.*" The Judgment of Sentence reflects this sentence as well. Defendant argues that a maximum sentence of life may not be imposed in Michigan if a minimum sentence of a number of years is also imposed. He maintains that, because MCL 750.520b(2)(b) provides two mutually exclusive sentencing options—"imprisonment for life" or "any term of years"— and the trial court imposed a minimum sentence of 25 years, the court was required to impose a maximum sentence for a specific term of years rather than for life. We agree.

MCL 750.520b(2)(b) provides:

> Criminal sexual conduct in the first-degree is a felony punishable as follows:
>
> * * *
>
> (b) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years.

Pursuant to MCL 769.9(2):

> In all cases where the maximum sentence in the discretion of the court may be imprisonment for life or any number or term of years, the court may impose a sentence for life or may impose a sentence for any term of years. If the

-6-

sentence imposed by the court is for any term of years, the court shall fix both the minimum and the maximum of that sentence in terms of years or fraction thereof, and sentences so imposed shall be considered indeterminate sentences. The court shall not impose a sentence in which the maximum penalty is life imprisonment with a minimum for a term of years included in the same sentence.

In *People v Johnson*, 421 Mich 494, 498; 364 NW2d 654 (1984), our Supreme Court stated: "[W]hen a statute authorizes the imposition of a sentence of 'life or any term of years' it allows the imposition of a fixed sentence—life—or an indeterminate sentence—any number of years. . . The sentence concepts 'life' and 'any term of years' are mutually exclusive and a sentencing judge may (in the appropriate case) opt for either but not both."

The prosecutor argues on appeal that MCL 769.9(2) does not invalidate the trial court's sentence, contending that "[t]he trial court's reference to 25 years as the mandatory minimum demonstrates that the sentence imposed was intended to be one of life, but the court had to acknowledge that because of MCL 750.520b(2)(b), it could not be any less than 25 years." We find this argument to have no merit. The court plainly and specifically stated a sentence range of 25 years to life. Further, the court's order, the judgment of sentence, states the sentence for the two first-degree criminal sexual conduct convictions as 25 years to life.

Because the trial court sentenced defendant to two terms of 25 years to life, those sentences violate MCL 769.9(2) and are invalid. "[A] violation of MCL 769.9(2) requires vacation of the entire sentence and a remand for resentencing." *People v Parish*, 282 Mich App 106, 108; 761 NW2d 441 (2009). "The problem is not that the maximum exceeded some particular limit, but rather that the original sentence was an impermissible *combination* of terms." *Id.* (emphasis in original). "Therefore, it must be vacated in its entirety for a resentencing de novo." *Id.*

Accordingly, we vacate the sentences for defendant's convictions of first-degree criminal sexual conduct and remand the matter for resentencing de novo.

## C. CONSECUTIVE SENTENCING

Defendant next argues that the trial court did not provide sufficient justification on the record for imposing consecutive sentences for defendant's convictions of first-degree criminal sexual conduct. We agree.

The court's imposition of consecutive sentences for defendant's convictions of first-degree criminal sexual conduct was a matter within the court's discretion. MCL 750.520b(3) provides:

> The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

When a statute grants a trial court discretion to impose a consecutive sentence, "the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision

was outside the range of reasonable and principled outcomes." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016).

This jurisdiction has expressed a clear preference for concurrent sentencing. In *People v Chambers*, 430 Mich 217, 229; 421 NW2d 903 (1988), the Supreme Court stated: "The purpose of consecutive sentencing is to '*enhance* the punishment imposed upon those who have been found guilty of more serious crimes and who repeatedly engage in criminal acts.' " *Id.*, quoting *People v Smith*, 423 Mich 427, 445; 378 NW2d 384 (1985) (emphasis added in *Chambers*). The *Chambers* Court concluded:

> The "[imposition] of a consecutive sentence is strong medicine. It may well be warranted in some cases. But it should be used only after awareness of a sentence already imposed so that the punitive effect of the consecutive sentence is carefully considered at the time of its imposition." [*Chambers*, 430 Mich at 231, quoting *Salley v United States*, 786 F2d 546, 548 (CA 2, 1986).]

Review of a discretionary decision requires that the trial court set forth the reasons underlying its decision. *People v Broden*, 428 Mich 343, 350-351; 408 NW2d 789 (1987). "The decision regarding each consecutive sentence is its own discretionary act and must be separately justified on the record." *Norfleet*, 317 Mich App at 665. "[R]equiring courts to justify each consecutive sentence imposed will help ensure that the 'strong medicine' of consecutive sentences is reserved for those situations in which so drastic a deviation from the norm is justified." *Id.* A trial court is required to "give particularized reasons – with reference to the specific offenses and the defendant – to impose each sentence . . . consecutively to the others." *Id.* at 666. The *Norfleet* Court, noting that the sentencing court in that case "spoke only in general terms" and did not separately address each consecutive sentence, held the following: "Remand is therefore necessary so that the trial court can fully articulate its rationale for each consecutive sentence imposed." *Id.*

Upon review of the sentencing hearing transcript, it was clear that the court had reviewed the presentence information report. Defense counsel asked the court to impose one sentence of 25 years with the remaining sentences to run concurrently. The prosecutor argued for consecutive sentencing on the mandatory 25-year minimum sentences. The court heard an impassioned victim's impact statement from the victim's mother. Following that statement, the court asked defendant, "what would you like to tell me," and defendant answered, "Nothing." When the court saw that defendant had nothing to say, the court stated that this made its "job [of sentencing defendant] easy, doesn't it?" The court stated that it sat through the trial and watched defendant's daughter testify. The court addressed the facts that defendant's video confession showed defendant demonstrating very clearly how his finger went into the victim, that he had the victim remove her clothes, that he removed his own clothes, and that he tried to insert his penis into her vagina. The court described some additional evidence that it felt was noteworthy and then simply said " 'Ouch' is a word that describes what I'm about to do to you" before imposing consecutive sentencing.

The court failed to comply with the *Norfleet* requirement to specifically justify and articulate its rationale for its decision to impose consecutive sentences. *Id.* at 665. The trial court did not state why consecutive sentencing was appropriate in this case or how this defendant

or his offense differed in nature from other defendants who have committed first-degree criminal sexual conduct where a concurrent sentence would be appropriate. A brief summary of the evidence presented does not amount to an articulation of the rationale behind imposing consecutive sentences.

On remand, where resentencing de novo is required in this case, the trial court may reconsider the issue of consecutive sentencing. If the court again exercises its discretion to impose consecutive sentences, it must articulate its "particularized reasons" for doing so.

### D. REMAND BEFORE A DIFFERENT JUDGE

Defendant argues that this matter should be remanded before a different judge because the trial judge would have "substantial difficulty" in putting his previously-expressed views out of his mind, and sentencing before a different judge would preserve the appearance of justice. We disagree.

In *People v Hill*, 221 Mich App 391, 398; 561 NW2d 862 (1997), quoting *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986), this Court stated the following test to determine whether resentencing should occur before a different judge:

> "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness."

In this case, the trial court failed to sufficiently articulate its reasons for imposing consecutive sentencing and also entered an invalid sentence under MCL 769.9(2). It is not necessary for the trial court to "set aside his previously expressed views" and none of its findings were based on evidence that must now be rejected. The court is required to resentence defendant de novo for the two convictions of first-degree criminal sexual conduct to either a term of years, with the minimum being at least 25 years and a maximum expressed in terms of years or fraction thereof, or to life. There is simply nothing in the record that would indicate that the trial court would have difficulty in imposing a valid and appropriate sentence. We believe that reassignment would thus " 'entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.' " *Hill*, 221 Mich App at 398, quoting *Evans*, 156 Mich App at 72.

We affirm defendant's convictions but remand for further sentencing proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto