Per Curiam.
 

 Defendant appeals as of right his jury trial conviction of voluntary manslaughter, MCL 750.321. We affirm.
 

 In September 1987, defendant was taking care of his eleven-month-old daughter, Kaylei, when a 1-by 1-inch plastic, frozen “ice cube” he used to relieve teething pain became lodged in her throat causing her to asphyxiate to death. The death was initially ruled accidental and no charges were filed against defendant. In late 1997, the police reopened the case after receiving information from defendant’s niece, who alleged that defendant had confessed to lying to police about the facts surrounding Kaylei’s death and that defendant admitted responsibility for her death.
 
 *438
 
 Subsequently, in early 1998, defendant was charged with second-degree murder, MCL 750.317, which was reduced to involuntary manslaughter, MCL 750.321, by the examining magistrate. Following the prosecution’s appeal, this Court reversed the magistrate’s decision and remanded for reinstatement of the second-degree murder charge.
 
 People v
 
 Burns, unpublished opinion per curiam of the Court of Appeals, issued May 25, 1999 (Docket No. 215030). A jury trial resulted in a conviction of voluntary manslaughter, MCL 750.321.
 

 On appeal, defendant first argues that his inculpatory statements were inadmissible because the corpus delicti of the offense was not established independent of defendant’s inculpatory statements. We disagree. This Court reviews a lower court’s decision regarding the corpus delicti requirement for an abuse of discretion.
 
 People v Biggs,
 
 202 Mich App 450, 455; 509 NW2d 803 (1993).
 

 The corpus delicti rule requires that a preponderance of direct or circumstantial evidence, independent of a defendant’s inculpatory statements, establish the occurrence of a specific injury and criminal agency as the source of the injury before such statements may be admitted as evidence.
 
 People v McMahan,
 
 451 Mich 543, 548-549; 548 NW2d 199 (1996);
 
 People v Konrad,
 
 449 Mich 263, 269-270; 536 NW2d 517 (1995);
 
 People v Metzler,
 
 193 Mich App 541, 547; 484 NW2d 695 (1992);
 
 People v Brasic,
 
 171 Mich App 222, 227; 429 NW2d 860 (1988). The corpus delicti of murder and manslaughter is death caused by criminal agency.
 
 McMahan, supra
 
 at 549;
 
 People v Williams,
 
 422 Mich 381, 391; 373 NW2d 567 (1985).
 

 
 *439
 
 In this case, defendant argues that the prosecutor failed to prove that some criminal agency caused the child’s death because the medical examiner’s conclusion, that her death was a homicide, was unsupported by objective medical evidence. However, the medical examiner’s testimony was that (1) given the size limitations of the throat, (2) the normal response of the gag reflex, (3) the size, shape, and dimensions of the object that was lodged in the child’s throat, and (4) the extent of bruising in her throat, the object was forced into the child’s throat. The testimony sufficiently established that the child’s death was caused by a criminal agency; therefore, defendant’s argument is without merit.
 

 Next, defendant argues that he was improperly forced to waive a statute of limitations defense against voluntary and involuntary manslaughter charges as a consequence of his request for jury instructions on these cognate lesser included offenses of second-degree murder. See
 
 People v Cheeks,
 
 216 Mich App 470, 479; 549 NW2d 584 (1996). We disagree. This Court reviews de novo questions of law.
 
 People v Artman,
 
 218 Mich App 236, 239; 553 NW2d 673 (1996). Whether a defendant must waive a statute of limitations defense before a trial court may grant a defendant’s request for jury instructions on cognate lesser included offenses for which conviction would otherwise be time-barred appears to present an issue of first impression in this state.
 

 It is well established in Michigan that a statute of limitations defense, MCL 767.24, in a criminal case is a nonjuiisdictionai, waivable affirmative defense. See
 
 People v Bulger,
 
 462 Mich 495, 517, n 7; 614 NW2d 103 (2000) (pleading guilty or nolo contendere waives
 
 *440
 
 statute of limitations claims);
 
 People v Everard,
 
 225 Mich App 455, 461-462; 571 NW2d 536 (1997) (failure to raise statute of limitations defense in the trial court constituted waiver);
 
 People v Kurzawa,
 
 202 Mich App 462, 465-466; 509 NW2d 816 (1993), overruled in part on other grounds by
 
 People v Perry,
 
 460 Mich 55, 64-65; 594 NW2d 477 (1999) (failure to object to the trial court’s instruction on a lesser included offense that was barred by the statute of limitations or raise the issue in the trial court constituted waiver);
 
 People v Allen,
 
 192 Mich App 592, 600; 481 NW2d 800 (1992) (an unconditional plea of guilty or nolo contendere waives the statute of limitations defense). The purpose of the criminal statute of limitations “relates to determining a defendant’s factual guilt.” See
 
 id.
 
 at 602.
 

 A defendant’s assertion of a statute of limitations defense directly affects the trial court’s duty to properly instruct the jury in a trial on a related charge that is not time-barred. MCL 768.29 requires the trial court to “instruct the jury as to the law applicable to the case . ...” A primary purpose of jury instructions is to permit the jury, the ultimate factfinder, to “correctly and intelligently decide the case.”
 
 People v Clark,
 
 453 Mich 572, 583; 556 NW2d 820 (1996); see, also,
 
 People v Wolfe,
 
 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992), quoting
 
 People v Palmer,
 
 392 Mich 370, 375-376; 220 NW2d 393 (1974). Consequently, “[j]ury instructions must include all the elements of the charged offense and must not exclude material issues, defenses, and theories if the evidence supports them.”
 
 People v Canales,
 
 243 Mich App 571, 574; 624 NW2d 439 (2000).
 

 
 *441
 
 The alleged conflict at issue arises in part from MCL 768.32, which permits a guilty verdict to be rendered on a degree of the offense charged in the indictment that is inferior to the charged offense. See
 
 Perry, supra
 
 at 63, n 19;
 
 People v Hendricks,
 
 446 Mich 435, 441-442; 521 NW2d 546 (1994). Accordingly, the lesser included offense doctrine permits both the prosecution and the defendant to request that the jury be instructed on applicable lesser included offenses of the charged offense.
 
 Id.
 
 The trial court is required, upon request, to instruct the jury on a necessarily included offense, without regard to the evidence.
 
 People v Beach,
 
 429 Mich 450, 464-465; 418 NW2d 861 (1988). The trial court is also required, upon request, to instruct the jury on a cognate lesser included offense if the evidence adduced at trial would support a conviction of that particular offense.
 
 Id.
 
 at 465.
 

 In this case, defendant argues that the trial court was required to grant his request for jury instructions on voluntary and involuntary manslaughter, cognate lesser included offenses of second-degree murder, despite his assertion of a statute of limitations defense against a manslaughter charge. However, to require a trial court to grant such a request regarding time-barred offenses would contravene the trial court’s explicit duty to instruct the jury on the law applicable to the case. MCL 768.29; see, also,
 
 People v Chamblis,
 
 395 Mich 408, 415; 236 NW2d 473 (1975), overruled in part on other grounds by
 
 People v Stephens,
 
 416 Mich 252, 260-261; 330 NW2d 675 (1982). Jury instructions on cognate lesser included offenses that cannot, as a matter of law, result in acquittal or conviction do not present law applicable to the case. An uncontested statute of limitations defense is dis
 
 *442
 
 tinguishable from other affirmative defenses in that, absent a waiver, the defense is conclusive, i.e., a defendant may not be charged with or, therefore, tried on the time-barred offense. Consequently, the issue whether a defendant is innocent or guilty of an uncontroverted time-barred offense is, per se, not submissible to a jury unless the defendant waives the defense. Therefore, MCL 768.32, which permits an accused to be found guilty on a degree of the offense charged in the indictment that is inferior to the charged offense, is not applicable with regard to time-barred offenses. Accordingly, jury instructions on time-barred offenses would impermissibly misrepresent the issues to be tried and would interject issues into jury deliberations that do not further the purpose for which a jury is impaneled. Thus, unless a defendant waives a statute of limitations defense against time-barred offenses, the jury, or the judge in a bench trial, may not be permitted to consider whether a defendant should be acquitted or convicted of such offenses.
 

 Our reasoning is consistent with the holding of the United States Supreme Court in
 
 Spaziano v Florida,
 
 468 US 447; 104 S Ct 3154; 82 L Ed 2d 340 (1984). In that case, the Court phrased the issue as “whether the defendant is entitled to the benefit of both the lesser included offense instruction and an expired period of limitations on those offenses.”
 
 Id.
 
 at 454. The
 
 Spaziano
 
 Court held that the defendant was not so entitled because “[w]here no lesser included offense exists, a lesser included offense instruction detracts from, rather than enhances, the rationality of the process [of jury deliberations].”
 
 Id.
 
 at 455. The
 
 Spaziano
 
 Court was cognizant of the “all-or-nothing” choice
 
 *443
 
 faced by a jury when its decision is between the charged offense and innocence but held that “[requiring that the jury be instructed on lesser included offenses for which the defendant may not be convicted, however, would simply introduce another type of distortion into the factfinding process.”
 
 Id.
 
 at 455-456. Accordingly, the
 
 Spaziano
 
 Court held that a defendant must choose between requesting a lesser included offense instruction, thereby waiving the statute of limitations defense, or asserting the statute of limitations defense.
 
 Id.
 
 at 456.
 

 Our holding is also consistent with the holdings of the majority of jurisdictions that have considered the issue whether a statute of limitations defense must be waived regarding a lesser included offense before a jury instruction on that offense will be issued. See, e.g.,
 
 People v Nunez,
 
 319 Ill App 3d 652, 659-660; 253 Ill Dec 516; 745 NE2d 639 (2001);
 
 State v Boyd,
 
 209 W Va 90, 93-94; 543 SE2d 647 (2000);
 
 People v Timoteo,
 
 87 Hawaii 108, 118-119; 952 P2d 865 (1997); People
 
 v Yount,
 
 853 SW2d 6, 8-9 (Tex Crim App, 1993);
 
 People v Brocksmith,
 
 237 Ill App 3d 818, 825; 178 Ill Dec 536; 604 NE2d 1059 (1992);
 
 State v Lambrechts,
 
 585 A2d 645, 647-648 (RI, 1991);
 
 State v Keithley,
 
 236 Neb 631, 635; 463 NW2d 329 (1990);
 
 United States v DeTar,
 
 832 F2d 1110, 1114-1115 (CA 9, 1987);
 
 United States v Williams,
 
 684 F2d 296, 299-300 (CA 4, 1982).
 

 However, we recognize that a minority of jurisdictions do not require a defendant to waive a statute of limitations defense before a trial court may instruct the jury on lesser included time-barred offenses. In
 
 People v Delisle,
 
 162 Vt 293, 305; 648 A2d 632 (1994), the court held that the defendant had a choice of forgoing the time-barred lesser included offense instruc
 
 *444
 
 tion or obtaining the instruction with the jury being informed that it must acquit the defendant if the evidence supported only conviction of the lesser, time-barred offense. To the contrary, in
 
 State v Short,
 
 131 NJ 47, 55, 58; 618 A2d 316 (1993), and
 
 State v Muentner,
 
 138 Wis 2d 374, 382, 387, 392; 406 NW2d 415 (1987), cases from jurisdictions that consider criminal statutes of limitation as implicating the trial court’s jurisdiction and not as affirmative defenses, the courts held: (1) the statute of limitations cannot be waived, (2) the defendant is entitled to applicable lesser included offense instruction on a time-barred offense, and (3) the consequence of a jury verdict on the time-barred offense is that the trial court is prohibited from entering a judgment of conviction on the verdict. However, for the reasons previously discussed including that, in Michigan, a statute of limitations defense is a nonjurisdictional, waivable defense, we reject this minority position.
 

 In this case, defendant was charged with second-degree murder, MCL 750.317. The statute of limitations for manslaughter, applicable in the present case, was six years. See MCL 767.24.
 
 [1]
 
 Because defendant was charged in 1998 with the 1987 death of his child, it was undisputed that the statute of limitations barred manslaughter charges and prosecution. Consequently, the trial court properly required defendant to waive the statute of limitations defense against manslaughter charges before granting his request for jury instructions on voluntary and involuntary manslaugh
 
 *445
 
 ter, cognate lesser included offenses of second-degree murder.
 

 Finally, defendant argues that he was denied a fair trial by the cumulative effect of errors during the trial, including evidentiary and instructional errors, as well as prosecutorial misconduct. However, defendant has not properly presented this issue for appellate review but has given cursory treatment to the issue with little or no citation of supporting authority. See
 
 People v Kelly,
 
 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Therefore, this issue is abandoned. See
 
 People v Watson,
 
 245 Mich App 572, 587; 629 NW2d 411 (2001). Moreover, if defendant had not abandoned the issue, we would conclude that his arguments are without merit.
 

 Affirmed.
 

 [1]
 

 MCL 767.24 was amended by 2001 PA 6, effective May 2, 2001, and included manslaughter among the offenses with a ten-year statute of limitations.