# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

KENNETH ROBERTS,

        Plaintiff-Appellant,

v

80TH DISTRICT COURT,

        Defendant-Appellee.

UNPUBLISHED
December 16, 2014

No. 317865
Gladwin Circuit Court
LC No. 12-006354-AS

---

Before: M. J. KELLY, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this suit for superintending control, plaintiff Kenneth Roberts, acting on his own behalf, appeals by right the circuit court's order dismissing his complaint. Because we conclude there were no errors warranting relief, we affirm.

In April 2012, Roberts filed a complaint asking the circuit court to exercise its superintending control over defendant 80th District Court.[1] Specifically, he asked the circuit court to order the district court to dismiss the charges pending against him from two criminal cases filed in 1995.

In August 2013, the circuit court entered an order dismissing Roberts' complaint on the ground that it was barred by res judicata. The court stated that Roberts filed a complaint in 2011, which raised substantially the same issue. It acknowledged that Roberts maintains that the "outstanding charges in Gladwin County" are barred by the passage of the applicable period of limitations and "requests that the charges be dismissed." But the court did not agree that the charges against Roberts were time-barred. The court explained that Roberts left the state shortly after the prosecutor filed the charges against him, which tolled the period of limitations. See MCL 767.24(7).[2] The circuit court similarly rejected the contention that the prosecutor had the obligation to bring Roberts back to Michigan to face the charges under the Interstate Agreement on Detainers Act. Because Roberts raised the same issues in his current complaint that were

---

[1] Roberts initially sought a writ of prohibition, but later amended his complaint to conform to modern practice. See MCR 3.302(C).

[2] We have cited to the current provisions of MCL 767.24. See 2014 PA 324.

addressed in the previously dismissed case, the circuit court determined that his new complaint was barred by the doctrine of res judicata.

On appeal, Roberts argues that the trial court denied his right to due process when it dismissed his complaint without holding a hearing. The circuit court had the authority to dismiss the complaint for superintending control on its own initiative. See MCR 3.302(E)(3)(a). And nothing within the court rules requires the court to hold a hearing before doing so. Moreover, the court's decision to dismiss without a hearing did not violate Roberts' right to due process.

"The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). Roberts clearly had notice of the proceeding, as it was he who began it by filing a complaint seeking superintending control. He also received a meaningful opportunity to be heard. Along with his complaint, Roberts submitted a 19-page brief explaining his argument. In its order, the circuit court made references to Roberts' arguments that demonstrated that it considered his brief. Under the totality of the circumstances, this was sufficient to minimally protect Roberts' right to due process. *Id.* at 485; see also *In re Brock*, 442 Mich 101, 110-111; 499 NW2d 752 (1993) (stating that the procedural protections required by due process are flexible and depend on the particular situation).

Even if we were to conclude that the circuit court should have held a hearing, any error would not warrant relief because Roberts' complaint was plainly meritless. "Superintending control is an extraordinary remedy, and extraordinary circumstances must be presented to convince a court that the remedy is warranted." *In re Wayne Co Prosecutor*, 232 Mich App 482, 484; 591 NW2d 359 (1998). "For an order of superintending control to issue, the plaintiff must show that a clear legal duty has not been performed by the defendant." *Id*.

Roberts sued for superintending control on the belief that the statute of limitations barred the charges against him. "[A] defendant may not be charged with or . . . tried on [a] time-barred offense." *People v Burns*, 250 Mich App 436, 442; 647 NW2d 515 (2002). MCL 767.24 sets various periods of limitation regarding when criminal charges may be filed. These periods generally begin to run once the criminal act is committed. See MCL 767.24(6). However, the period of limitations is tolled during any time that the perpetrator "did not usually and publically reside within" the state of Michigan. MCL 767.24(7). "It is well established in Michigan that a statute of limitations defense, MCL 767.24, in a criminal case is a nonjurisdictional, waivable affirmative defense." *Burns*, 250 Mich App at 339.

Roberts asserted in his complaint that he had resided in Wisconsin since at least 1998, which is when he was arrested there. He alleged that the period of limitations began to run when Gladwin County refused to extradite him from Wisconsin after his arrest. Roberts' argument was and remains premised on a misunderstanding of Michigan's statute of limitations. The statute of limitations sets the period within which charges may be filed. See MCL 767.24; *Burns*, 250 Mich App at 442. As Roberts acknowledged in his brief accompanying his complaint, the prosecutor filed the charges at issue in Gladwin County in 1995. Because they were filed in 1995, any circumstances occurring after that point, such as Gladwin County's refusal to extradite him in 1998, have no effect on whether the charges were timely filed. Further, the tolling provision of the statute applies during any period wherein Roberts did not

reside in Michigan and there is no exception for circumstances where a prosecutor refuses to extradite an individual for prosecution. MCL 767.24(7). Because Roberts failed to establish that the district court had a clear legal duty to dismiss the charges on that basis, the circuit court did not err when it determined that Roberts was not entitled to a writ of superintending control. *Wayne Co Prosecutor*, 232 Mich App at 484.

Similarly, the writ was unnecessary to protect Roberts' rights. "If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed." MCR 3.302(B). If Roberts is ever brought to trial on the charges filed against him in Gladwin County, he may raise the statute of limitations as an affirmative defense at that time. See, e.g., *Burns*, 250 Mich App at 439-440.

Roberts also argues that the circuit court erred when it determined that his complaint was barred under the doctrine of res judicata. We review de novo the applicability of a legal doctrine, such as res judicata. *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007).

"Res judicata is the doctrine that bars a subsequent action between the same parties when the facts or evidence essential to the maintenance of the two actions are identical." *Labor Council, Mich Fraternal Order of Police v Detroit*, 207 Mich App 606, 607; 525 NW2d 509 (1994). "The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). Michigan "has taken a broad approach to the doctrine of res judicata, holding that it bars claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*.

The prior action was decided on the merits when the trial court dismissed Roberts' 2011 complaint. See *Wilson v Knight-Ridder Newspapers, Inc*, 190 Mich App 277, 278-279; 475 NW2d 388 (1991). The parties here are also the same as those involved in Roberts' 2011 complaint. On appeal, Roberts' concedes that his 2011 complaint "was also seeking the quashing and dismissal of the warrant and all underlying charges of . . . because the statute of limitations had expired . . . ." Thus, all of the elements of res judicata are met, barring the current action. *Adair*, 470 Mich at 121.

To the extent Roberts believes the trial court erred by misconstruing his 2011 complaint as seeking relief under the Interstate Agreement on Detainers as opposed to the statute of limitations, his remedy was a timely appeal of the trial court's order regarding that complaint. Although he appealed from that order, this Court dismissed his appeal as untimely and Roberts did not apply for leave to appeal.[3] "Ordinarily, the fact that a judgment is erroneous will not prevent Res Judicata from operating." *People ex rel MacMullan v Babcock*, 38 Mich App 336, 348 n 4; 196 NW2d 489 (1972). Consequently, res judicata applied. In any event, even if res

---

[3] See *Kenneth A Roberts v Eightieth District Court*, unpublished order of the Court of Appeals, entered October 21, 2011 (Docket No. 306517).

-3-

judicata did not apply, as already explained, Roberts failed to establish grounds for the circuit court to exercise its power of superintending control. Accordingly, the trial court reached the correct result. See *Fisher v Blankenship*, 286 Mich App 54, 70; 777 NW2d 469 (2009).

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter