# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

TAMI SUE LIVINGSTON,

Defendant-Appellee.

UNPUBLISHED
September 1, 2016

No. 330730
Livingston Circuit Court
LC No. 15-022986-AR

Before: OWENS, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

In this case involving the *corpus delicti* rule, the circuit court dismissed the charge of operating while intoxicated, second offense (OWI), MCL 257.625, because absent defendant's statements to the police there was no independent evidence to establish that she had operated a vehicle under the influence of alcohol. The prosecution appeals by leave granted.[1] We reverse and remand for further proceedings.

The basic facts are undisputed. On May 3, 2015, someone called 911 about a female passed out in a vehicle in a bar parking lot. When the responding police officer arrived, defendant was in the front passenger seat, the vehicle was running, and the driver's door was open. Defendant was the only occupant of the vehicle and no one else was around. EMS personnel were attempting to talk to defendant. The officer testified that defendant appeared to be "very intoxicated," and he noted that she had bloodshot eyes and smelled strongly of intoxicants.

The officer asked defendant to step out of the vehicle and she did so. The officer also asked if defendant had consumed alcohol that evening and she replied that she "had too much to drink" and added that she "had a total of six drinks and that she had started drinking earlier in the morning." Defendant also told the officer that she had started driving home from a bar because her friends had not given her a ride, but that she had pulled over because she was tired. The police officer administered a series of field sobriety tests, which she was unable to successfully

---

[1] *People v Livingston*, unpublished order of the Court of Appeals, entered March 11, 2016 (Docket No. 330730).

complete. The officer than placed her under arrest. Further, the officer administered a breathalyzer test, which registered that defendant's blood alcohol level was 0.21.

Defendant moved to suppress her statements to the police officer, arguing before the district court that they were barred by the *corpus delicti* rule and that, absent the barred statements, there was not probable cause to support her arrest. The district court disagreed and defendant appealed the decision to the circuit court, which reversed the district court after finding that the statements were barred by *corpus delicti* rule.[2]

The purpose of the *corpus delicti* rule is not to determine a defendant's guilt or innocence. It is to "to prevent the use of a defendant's confession to convict him of a crime that did not occur." *People v Konrad*, 449 Mich 263, 269; 536 NW2d 517 (1995). Accordingly, the rule requires that a defendant's inculpatory statements are inadmissible unless a preponderance of direct or circumstantial evidence "establish the occurrence of a specific injury and criminal agency as the source of the injury[.]" *People v Burns*, 250 Mich App 436, 438; 647 NW2d 515 (2002). However, "the *corpus delicti* rule does not bar admissions of fact that do not amount to a confession of guilt." *People v Schumacher*, 276 Mich App 165, 180-181; 740 NW2d 534 (2007). A statement is a confession "[i]f the fact admitted necessarily amounts to a confession of guilt[.]" *People v Porter*, 269 Mich 284, 290; 257 NW 705 (1934). A statement is an admission if "the fact admitted does not of itself show guilt, but needs proof of other facts, which are not admitted by the accused, in order to show guilt[.]" *Id*. Thus, resolution of this case turns on whether defendant's statements amounted to admissions of fact or a confession.

Sufficient proof of defendant's intoxication existed apart from any statements she made. She appeared intoxicated, failed the field sobriety tests, and her blood alcohol level was found to be 0.21. There was no alcohol or empty bottles found in the vehicle and based on her level of intoxication it was evident that she had consumed a large amount of alcohol before entering the vehicle. The only element of the offense as to which defendant's statements were necessary proofs was whether or not she had been driving since her alcohol consumption. In that regard, her statement that she had driven the vehicle to the location where she was found was an admission of fact, not a confession. Had the only proof of her intoxication been her statement that she had been drinking earlier and had drank too much, then the *corpus delicti* rule would be implicated because the only evidence of OWI would have come from defendant's statements, meaning that the facts admitted would necessarily show guilt. But that is not the case because

---

[2] This Court reviews de novo the trial court's ultimate decision on a motion to suppress evidence and the court's findings of fact are reviewed for clear error. *People v Barbarich*, 291 Mich App 468, 471; 807 NW2d 56 (2011). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993) (opinion by GRIFFIN, J). "To the extent that a trial court's ruling on a motion to suppress involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *People v Tanner*, 496 Mich 199, 206; 853 NW2d 653 (2014) (citation omitted).

defendant's drinking and intoxication were shown by independent evidence. Under these circumstances, the *corpus delicti* rule was not violated.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Donald S. Owens
/s/ David H. Sawyer
/s/ Douglas B. Shapiro