# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

STEVEN DANIEL MERCHANT, JR.,

      Defendant-Appellant.

UNPUBLISHED
November 16, 2017

No. 335506
Kent Circuit Court
LC No. 16-002744-FH

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his conviction of breaking and entering with intent to commit larceny, MCL 750.110. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 6 to 45 years' imprisonment. Because the trial court did not err by admitting evidence of a stolen watch found during a search of defendant's suitcase, we affirm. However, the judgement of sentence incorrectly states that defendant was convicted under MCL 750.11, and thus we remand for the ministerial task of correcting the judgment of sentence to reflect defendant's conviction under MCL 750.110.

This case arises out of a breaking and entering at a mini-storage facility in Grand Rapids, Michigan. Several storage units had their locks torn off, doors were broken, units were ransacked, and personal belongings, including a Seiko retirement watch, were missing. Police collected a cigarette butt found just outside one of the units, and DNA extracted from the cigarette butt was matched to defendant. After this DNA match was obtained, Detective Andrew Hinds and defendant's parole officer, Christopher Thompson, went to the home of defendant's aunt Peggy Roersma, where defendant had been staying "off and on." With Roersma's consent, Thompson and Hinds searched a suitcase from Roersma's shed, which Roersma told them belonged to defendant. The suitcase contained male clothing and a ladies Seiko watch that was still in the box. One of the victims of the break-in at the storage facility later identified the Seiko watch as the watch she received for her retirement. The prosecutor also introduced evidence that a few days after Thompson and Hinds found the watch, during a recorded telephone call with a friend, defendant said: "Hey, listen to what I'm saying. Can you get rid of my stuff? My backpack, everything?" Defendant was convicted and sentenced as stated above. Defendant now appeals as of right.

On appeal, defendant argues that the trial court erred by denying his motion to suppress the evidence of the watch obtained in the search of the suitcase. Specifically, defendant first offers the cursory assertion that the search of the suitcase was "unreasonable." Assuming that the search was justified by defendant's parole conditions, as an evidentiary matter, defendant also contends that the watch should have been excluded because it was not relevant, it was unfairly prejudicial, and the prosecutor failed to lay an appropriate foundation for its admission given that numerous people had access to the shed and several months had elapsed between the break-in and the search of the suitcase. We disagree.

First, defendant's perfunctory assertion that the search of the suitcase was "unreasonable" is made without meaningful argument or citation to supporting authority. In these circumstances, to the extent defendant attempts to present a Fourth Amendment argument, this constitutional issue is abandoned. *People v Burns*, 250 Mich App 436, 445; 647 NW2d 515 (2002). Even if we considered the issue, we would conclude that the search was lawful and that trial court did not err by denying defendant's motion to suppress. When reviewing a trial court's decision on a motion to suppress, we review the trial court's factual findings for clear error, but we "review de novo the ultimate ruling on a motion to suppress." *People v Jones*, 279 Mich App 86, 90; 755 NW2d 224 (2008). In this case, as a parolee who agreed to searches "upon demand" as a condition of his parole, MCL 791.236(19), defendant had a significantly diminished reasonable expectation of privacy, and he could be subjected to even suspicionless searches without violation of the Fourth Amendment. See *Samson v California*, 547 US 843, 852, 857; 126 S Ct 2193; 165 L Ed 2d 250 (2006). Moreover, given the discovery of defendant's DNA at a nearby crime scene, there was reasonable suspicion that defendant had engaged in criminal activity and violated his parole, providing grounds for the warrantless search of defendant's property based on his parole status. See Mich Admin R 791.7735(2); *People v Woods*, 211 Mich App 314, 318-319 & n 2; 535 NW2d 259 (1995). In addition, consent is an exception to the warrant requirement; and, before the search, Roersma gave her consent to the search. See *People v Brown*, 279 Mich App 116, 131; 755 NW2d 664 (2008). Roersma owned the shed in which the bag was stored and, when defendant gave Roersma his bags full of clothes, he asked her to wash his clothes, meaning that he gave her the authority to open the bags. See *United States v Fultz*, 146 F3d 1102, 1105-1106 (CA 9 1998). These facts demonstrate that Roersma had common authority over defendant's property in the shed and the police could lawfully search based on her consent. See *Brown*, 279 Mich App at 131; Mich Admin R 791.7735(1)(d). In these circumstances, the warrantless search of the bag was not unreasonable and the trial court did not err by denying defendant's motion to suppress on this basis.

Turning to defendant's evidentiary challenges, we review the trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Solloway*, 316 Mich App 174, 191; 891 NW2d 255 (2016). "An abuse of discretion is found when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id.* at 191-192. Preliminary questions of law, including whether a rule of evidence or statute precludes admissibility of the evidence, are reviewed de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999).

"Generally, all relevant evidence is admissible, and irrelevant evidence is not." *People v Coy*, 258 Mich App 1, 13; 669 NW2d 831 (2003), citing MRE 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." MRE 401. When seeking to admit physical evidence, "[t]he rule governing the admission of physical evidence requires that a proper foundation be laid and that the articles be identified as that which they purport to be and that the articles are shown to be connected with the crime or with the accused." *People v Furman*, 158 Mich App 302, 331; 404 NW2d 246 (1987). Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. MRE 403. "All relevant evidence is prejudicial; only *unfairly* prejudicial evidence may be excluded." *People v Danto*, 294 Mich App 596, 600; 822 NW2d 600 (2011). "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005). "This unfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Id.* (citation and quotation marks omitted).

In this case, a proper foundation was laid for the admission of the watch. One of the victims identified the watch as her retirement watch, which was taken during the break-in of her storage unit. The watch was found in a suitcase given to police by Roersma, and Roersma testified that the items she gave to the police belonged to defendant. This was sufficient to establish the watch's connection to the crime as well as defendant and, in particular, to establish that the watch was what the prosecutor claimed it to be—namely, a watch stolen during the break-in at the storage facility that was discovered in a suitcase belonging to defendant.

The watch was also relevant. "[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). And, the fact that one of the stolen items from the burglary of the storage facility was found in defendant's suitcase made it more probable that defendant was the perpetrator of the burglary. See MRE 401. Thus, the watch was relevant to establishing the identity of the individual who broke into the storage facility. The discovery of the stolen watch in defendant's suitcase was also relevant to determining whether defendant intended to commit a larceny. See MCL 750.110(1).

Contrary to defendant's arguments, the introduction of this relevant evidence was not unfairly prejudicial or otherwise inadmissible. The watch evidence did not inject extraneous considerations into the lawsuit and there was no tendency that it would be given undue weight by the jury. *McGhee*, 268 Mich App at 614. Although there was evidence that other people had access to the shed and that several months elapsed between the break-in and the discovery of the watch, this does not render the evidence inadmissible. "It is axiomatic that proposed evidence need not tell the whole story of a case, nor need it be free of weakness or doubt. It need only meet the minimum requirements for admissibility. Beyond that, our system trusts the finder of fact to sift through the evidence and weigh it properly." *People v Berkey*, 437 Mich 40, 52; 467 NW2d 6 (1991). In other words, while time passed between the break-in and the robbery, and while others had access to the shed, these concerns relate to the weight that should be afforded to the watch, not its admissibility. See *People v White*, 208 Mich App 126, 129; 527 NW2d 34 (1994). In this regard, the jury was apprised of any weaknesses in the watch evidence by defense counsel, who effectively challenged the assertion that defendant placed the watch in the suitcase by emphasizing that others had access to the shed and that it was only Roersma's testimony that tied defendant to the bag. The jury was also presented with other evidence of defendant's guilt, including his DNA found on a cigarette at the scene of the crime and his instructions to a friend

to "get rid of his stuff" following the discovery of the watch. We see no reason why the jury could not sift through the evidence and weigh the watch properly in conjunction with the other evidence. Overall, the trial court did not abuse its discretion by admitting the watch evidence.

Affirmed, but remanded for the ministerial task of correcting the judgment of sentence to reflect defendant's conviction under MCL 750.110. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro