# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CASEY JAMES MIEDEMA, SR.,

        Defendant-Appellant.

UNPUBLISHED
January 18, 2018

No. 336457
Mason Circuit Court
LC No. 16-003161-FC

Before: MARKEY, P.J., SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant, Casey James Miedema, Sr., was convicted by a jury of second-degree criminal sexual conduct (person under 13 and defendant 17 years of age or older) (CSC-II), MCL 750.520c(1)(a). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 21 months to 270 months' imprisonment with credit for 82 days served. Defendant now appeals by right. We affirm.

Defendant argues that the video of defendant's police interview statement was inadmissible at trial because the *corpus delicti* was not established before this statement was admitted. We disagree.

This Court reviews the trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Herndon*, 246 Mich App 371, 406; 633 NW2d 376, 399 (2001). This standard of review applies to the trial court's decision regarding whether the *corpus delicti* of a crime is established. *People v Burns*, 250 Mich App 436, 438; 647 NW2d 515 (2002). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). Preliminary questions of law regarding the admissibility of evidence are reviewed de novo on appeal. *People v Small*, 467 Mich 259, 261-262; 650 NW2d 328 (2002).

"The corpus delicti rule is designed to prevent the use of a defendant's confession to convict him of a crime that did not occur." *People v Konrad*, 449 Mich 263, 269; 536 NW2d 517 (1995). Pursuant to this rule, "a defendant's confession may not be admitted unless there is direct or circumstantial evidence independent of the confession establishing (1) the occurrence of the specific injury (for example, death in cases of homicide) and (2) some criminal agency as the source of the injury." *Id*. at 269-270. The *corpus delicti* need only be shown by a preponderance of the evidence. *Burns*, 250 Mich App at 438. If the prosecution makes the necessary showing,

-1-

"[a] defendant's confession then may be used to elevate the crime to one of a higher degree or to establish aggravating circumstances." *People v Cotton*, 191 Mich App 377, 389; 478 NW2d 681 (1991). The *corpus delicti* rule does not require independent proof of every element related to the particular grade of the crime charged before a defendant's confession may be admitted. *People v Williams*, 422 Mich 381, 391; 373 NW2d 567 (1985).

In this case, the prosecution established the *corpus delicti* through the victim's testimony before introducing defendant's statement. The victim testified that defendant had committed a "bad touch" on him, which the victim described as "[w]hen somebody touches your privates." More specifically, the victim testified that he got out of the bathtub at defendant's apartment, and defendant took him to defendant's bedroom while the victim was naked and had the victim lie down on the floor on the victim's stomach. The victim testified that defendant was behind him and that he "felt something weird" on his butt or in his butt. The victim had never felt anything like this before. The victim further testified that he felt defendant's private on his butt and in his butt and that the bad touch occurred in the "[m]iddle" of the victim's butt where he went to the bathroom. The victim testified that after the bad touch occurred, he "went to the bathroom" to go "[n]umber two." According to the victim, the incident occurred when the victim was four or five years old, although he did not remember exactly how old he was at the time. Additionally, the victim testified that he had not felt anything like this afterward except for when defendant did this to him again. The victim's testimony established that a sexual assault occurred as a result of defendant's actions.[1] Therefore, the *corpus delicti* rule was satisfied because a preponderance of the evidence established that there was a specific injury (sexual assault) and that criminal agency was the source. *Konrad*, 449 Mich at 269-270; *Burns*, 250 Mich App at 438.

Because the prosecution established the *corpus delicti* through the testimony of its first witness at trial (the victim), defendant's confession was subsequently admissible to show the degree of the offense or aggravating circumstances. *Cotton*, 191 Mich App at 389. Specifically, defendant was originally charged with first-degree criminal sexual conduct, which required the prosecution to prove sexual penetration, *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012), and the prosecution could use defendant's confession to prove that penetration occurred in order to warrant a conviction for this charge, *Cotton*, 191 Mich App at 389.

The trial court, however, did not rule that the *corpus delicti* had been established in order to admit defendant's interview statement. Instead, the trial court ruled that the statement was admissible because it contained admissions and was not a true confession. "[T]he *corpus delicti* rule does not bar admissions of fact that do not amount to a confession of guilt." *People v Schumacher*, 276 Mich App 165, 180-181; 740 NW2d 534 (2007). When "the fact admitted does not of itself show guilt but needs proof of other facts, which are not admitted by the

---

[1] We note that proof of the identity of the perpetrator of a crime is not a part of the corpus delicti. "It is sufficient to show that the crime was committed *by someone*." *Konrad*, 449 Mich at 270. In this case, the victim's testimony established not only a specific injury as a result of criminal agency but also that defendant was the perpetrator. *Id*. at 269-270.

-2-

accused, in order to show guilt, it is not a confession, but an admission[.]" *Id*. at 181 (quotation marks and citation omitted).

In this case, defendant was originally charged with first-degree criminal sexual conduct (penis/rectum penetration, person under 13 and defendant 17 years of age or older), MCL 750.520b(1)(a) and (2)(b). "The elements of CSC–I under MCL 750.520b(1)(a) are that (1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age." *Lockett*, 295 Mich App at 187. During the course of defendant's police interview, it was clear from the officer's questions that he and defendant were discussing allegations the victim had made that defendant had sexually molested the victim when the victim was between the ages of five and seven. Specifically, the victim had disclosed that defendant had put his private parts in the victim's butt. When the officer asked defendant if the allegations made by the victim represented "what happened," defendant replied, "Yeah." Defendant also replied to this question, which the officer asked repeatedly throughout the interview with statements such as, "As soon as I realized, I got out." Defendant's admission to the truth of the victim's allegations established the elements of first-degree criminal sexual conduct and therefore constituted a confession for purposes of the *corpus delicti* rule. *Lockett*, 295 Mich App at 187; *Schumacher*, 276 Mich App at 180-181.

Nonetheless, because the *corpus delicti* was established, defendant's interview statement was admissible, and the trial court did not abuse its discretion by admitting it. *Burns*, 250 Mich App at 438. "This Court will affirm a lower court's ruling when the court reaches the right result, albeit for the wrong reason." *People v Lyon*, 227 Mich App 599, 612-613; 577 NW2d 124 (1998).

We affirm.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola