*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

RICHARD ANTHONY DECKER,

Defendant-Appellee.

UNPUBLISHED
January 22, 2019

No. 341261
Jackson Circuit Court
LC No. 17-004862-FH

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant, Richard Anthony Decker, was charged with operating a motor vehicle while intoxicated, third offense, MCL 257.625(1) and (9), as a third-offense habitual offender, MCL 769.11. Following the preliminary examination and bindover, the trial court dismissed the case. Plaintiff appeals by right. We reverse and remand for further proceedings.

Police responded to a call of a man who was wandering in a residential area "looking at children." Police found a vehicle parked near a vacant home and defendant in the vicinity. An officer noticed that defendant smelled of intoxicants, had trouble balancing, and appeared to be under the influence of alcohol. In response to police questioning defendant about why he was at the scene, defendant explained that he had been driving to his daughter's house and decided to pull over because he believed he was too intoxicated to drive. After conducting some field sobriety tests, police arrested defendant.

Following the preliminary examination and bindover, defendant moved to quash the information "based upon a lack of evidence on the element of operating," moved to suppress statements he made to police based on a violation of *Miranda*,[1] and moved to suppress his statements under the *corpus delicti* rule. The trial court granted defendant's motion and

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

dismissed the case. The trial court held that defendant's statement was obtained in violation of *Miranda* and that there was no other corroborating evidence apart from the statement.

On appeal, plaintiff argues that the trial court erred in holding that defendant's inculpatory statement was obtained in violation of *Miranda*. We review de novo a trial court's ruling on a motion to suppress evidence. *People v Henry (After Remand)*, 305 Mich App 127, 137; 854 NW2d 114 (2014). The trial court's factual findings, if any, are reviewed for clear error, while underlying constitutional issues are reviewed de novo. *Id*.

"It is well settled that *Miranda* warnings need be given only in situations involving a custodial interrogation." *People v Zahn*, 234 Mich App 438, 449; 594 NW2d 120 (1999). The term "custodial interrogation" has been interpreted to mean "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id*. (quotation marks and citations omitted). To determine whether a defendant was in custody at the time he was interrogated, a court must examine "all of the circumstances surrounding the interrogation and determine how a reasonable person in the position of the individual being questioned would gauge the breadth of his or her freedom of action." *Yarborough v Alvarado*, 541 US 652, 663; 124 S Ct 2140; 158 L Ed 2d 938 (2004) (quotation marks and citations omitted). "A key question is whether, under the circumstances, a reasonable person would have felt at liberty to terminate the interrogation and leave—that is, was there a formal arrest or a restraint on freedom of movement of the degree associated with formal arrest." *People v Vaughn*, 291 Mich App 183, 189; 804 NW2d 764 (2010), aff'd in part, vacated in part on other grounds, 491 Mich 642 (2012).

"However, a motorist detained for a routine traffic stop or investigative stop is ordinarily not in custody within the meaning of *Miranda*." *People v Steele*, 292 Mich App 308, 317; 806 NW2d 753 (2011). This is because "the usual traffic stop is more analogous to a so-called "*Terry* stop," see [*Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968)], than to a formal arrest." *Berkemer v McCarty*, 468 US 420, 440; 104 S Ct 3138; 82 L Ed 2d 317 (1984). The United States Supreme Court has explained that a traffic stop, like a "*Terry* stop," does not trigger *Miranda* as follows:

> Under the Fourth Amendment, we have held, a policeman who lacks probable cause but whose observations lead him reasonably to suspect that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke suspicion. [T]he stop and inquiry must be reasonably related in scope to the justification for their initiation. Typically, this means that the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obliged to respond. And, unless the detainee's answers provide the officer with probable cause to arrest him, he must then be released. The comparatively nonthreatening character of detentions of this sort explains the absence of any suggestion in our opinions that *Terry* stops are subject to the dictates of *Miranda*. The similarly noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are

not "in custody" for the purposes of *Miranda*. [*Berkemer*, 468 US at 439-440 (some quotation marks and citations omitted).]

In this case, police officers conducted a lawful *Terry* stop when they questioned defendant; therefore, police were not required to provide defendant with *Miranda* warnings until he was formally arrested. Deputy Andrew Sullivan of the Jackson County Sheriff's Department responded to a call about a suspicious person in a residential area "looking at children." When Deputy Sullivan arrived at the scene, another deputy informed him that defendant had indicated that he drove to the scene. Deputy Sullivan then believed that he was investigating a drunk driving incident. Deputy Sullivan noticed that defendant smelled of intoxicants and was having trouble balancing. Deputy Sullivan conducted field sobriety tests and asked defendant questions. Deputy Sullivan testified that defendant stated that he was driving to his daughter's house and "decided to stop because I was too intoxicated and I've been walking around for the last hour and a half." In responding to calls about a suspicious person, and after observing defendant, the officers had reasonable suspicion to believe that defendant had committed a crime. Defendant was visibly intoxicated, he was wandering about in a residential neighborhood, and a vehicle was parked near a vacant home. The officers could have reasonably inferred that defendant was intoxicated and that defendant drove to the scene and parked the vehicle near the vacant home. Police therefore had reasonable suspicion that defendant operated the vehicle while intoxicated and had grounds to briefly detain defendant and ask him questions in order to investigate the situation. See *Berkemer*, 468 US at 439-440.

By questioning defendant and conducting field sobriety tests, Deputy Sullivan conducted an investigatory stop and was not required to provide defendant with *Miranda* warnings. Moreover, the circumstances surrounding the investigatory stop did not amount to custodial interrogation. Defendant was not placed in handcuffs or otherwise restrained in any manner and the questioning was not prolonged. Accordingly, the statements that defendant made during the investigatory stop were not obtained in violation of defendant's Fifth Amendment rights and the trial court erred in holding that the statements were inadmissible under *Miranda*, 384 US at 436. See *Steele*, 292 Mich App at 317.

Next, plaintiff argues that the trial court erred in holding that admission of defendant's statement violated the *corpus delicti* rule. "We review a lower court's decision regarding *corpus delicti* for an abuse of discretion." *People v King*, 271 Mich App 235, 239; 721 NW2d 271 (2006). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes" or "when it makes an error of law." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

The purpose of the *corpus delicti* rule is not to determine the innocence or guilt of a defendant. Instead, it is "to prevent the use of a defendant's confession to convict him of a crime that did not occur." *People v Konrad*, 449 Mich 263, 269; 536 NW2d 517 (1995). Accordingly, "[t]he corpus delicti rule requires that a preponderance of direct or circumstantial evidence, independent of a defendant's inculpatory statements, establish the occurrence of a specific injury and criminal agency as the source of the injury before such statements may be admitted as evidence." *People v Burns*, 250 Mich App 436, 438; 647 NW2d 515 (2002). However, "the *corpus delicti* rule does not bar admissions of fact that do not amount to a confession of guilt." *People v Schumacher*, 276 Mich App 165, 180-181; 740 NW2d 534 (2007). A statement is a

-3-

confession "[i]f the fact admitted necessarily amounts to a confession of guilt[.]" *People v Porter*, 269 Mich 284, 290; 257 NW 705 (1934). A statement is an admission of fact if "the fact admitted does not of itself show guilt, but needs proof of other facts, which are not admitted by the accused, in order to show guilt[.]" *Id.*

In this case, the prosecution was required to prove, in part, that defendant was intoxicated at the time that he operated a motor vehicle. See MCL 257.625(1) and (9). There was sufficient proof of defendant's intoxication apart from the statements he made such that his statement amounted to an admission of fact. Specifically, Deputy Sullivan arrived at the scene and noticed that defendant smelled of intoxicants, had trouble balancing, and appeared to be under the influence of alcohol. Deputy Sullivan administered a breath test that showed that defendant's blood alcohol level was .22%, a level sufficient to prove "intoxication" under the statute. See MCL 257.625(1)(b). In addition, a subsequent blood test showed that defendant's blood alcohol level was .27%. See MCL 257.625(1)(b). Defendant's statement went to the element of whether he operated a motor vehicle. It did not prove that he was intoxicated for purposes of the statute. Given that defendant's statement showed that he drove the vehicle, and other evidence established that he was intoxicated, defendant's statement was an admission of fact and not a confession. Therefore, the *corpus delicti* rule was not violated and, to the extent the trial court concluded otherwise, the trial court erred.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel

-4-