*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DETRICK DORAL LANCE,

        Defendant-Appellant.

UNPUBLISHED
August 8, 2019

No. 343960
Oakland Circuit Court
LC No. 2013-244985-FH

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right[1] the trial court's opinion and order denying his motion for a new trial premised on a claim of ineffective assistance of counsel. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In the fall of 2006, a confidential informant participated in two controlled drug purchases with defendant. After the informant called to purchase narcotics, defendant would exit a home located at 160 North Merrimac in Pontiac, get into a vehicle, drive to the meet location, and engage in a hand-to-hand transaction. On October 20, 2006, the police executed a search warrant of the North Merrimac residence, and defendant and a female, Tiffany Robinson, were present in the home at the time. Baggies of cocaine and marijuana were found in a kitchen cabinet, and a rifle was observed in plain view nearby. Documentation addressed to defendant, including his birth certificate and social security card, was found in cabinets or drawers. However, Brandy James, the mother of two of defendant's children, testified that defendant resided with her, and he merely visited the North Merrimac residence to play cards with Robinson. Despite this defense, defendant was convicted, following a jury trial, of possession with intent to deliver less

---

[1] Because our Supreme Court remanded the matter to the trial court following our resolution of the appeal of right, MCR 7.202(6)(b)(*iv*), we reject the prosecutor's contention that we lack jurisdiction to decide this appeal.

than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), possession with intent to deliver less than five kilograms of marijuana, MCL 333.7401(2)(d)(*iii*), felon in possession of a firearm, MCL 750.224f, and three counts of possession of a firearm during the commission of a felony (second offense), MCL 750.227b. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent terms of 19 months to 25 years' imprisonment for the possession with intent to deliver cocaine conviction, 19 months to 15 years' imprisonment for the possession with intent to deliver marijuana conviction, and 19 months to 20 years' imprisonment for the felon-in-possession conviction, to be served consecutive to three concurrent five-year terms of imprisonment for the felony-firearm convictions. Defendant appealed as of right, and we affirmed. *People v Lance*, unpublished per curiam opinion of the Court of Appeals, issued March 24, 2015 (Docket No. 319727). However, our Supreme Court vacated the judgment in part, limited to the claim of ineffective assistance of counsel for failing to challenge the statute of limitations, and remanded the matter to the trial court to conduct a *Ginther*[2] hearing. *People v Lance*, 500 Mich 885 (2016). The Court further directed the trial court to consider the March 1, 2013 filing of the information to be the circumstance that stopped the running of the statute of limitations. *Id*.

## II. *GINTHER* HEARING

Michael J. McCarthy, a well-known and respected attorney for 38 years, had tried approximately ten cases a year for the last 25 years. He was appointed to represent defendant 18 days before the commencement of trial, and he accepted the appointment knowing that the case was deemed trial ready. In accordance with his practice, McCarthy went to the clerk's office and acquired a copy of the file and contacted the prosecutor's office to obtain any police reports. McCarthy was proficient in evaluating the complexity of a case and did not seek an adjournment, but he would have pursued the request if necessary. Although at least three years had passed since his representation, McCarthy recalled that he met with defendant twice at the courthouse and spoke with defendant, who was released on bond, on the telephone. Defendant represented that he was innocent of the charges because he did not live at the home where the contraband was found and offered a witness, Brandy James, to support his defense. Defendant told McCarthy that he had been living in Texas, but returned to Michigan to address the charges.

McCarthy reviewed the charging documents and discovered that the crime occurred in 2006, but the case was proceeding to trial in October 2013. In light of his experience, he was aware of the six-year statute of limitations, but also knew that the statutory period was tolled when the accused did not live in the jurisdiction. Defendant told McCarthy that he lived in Texas for "a number of years." Because of the passage of time, McCarthy could not recall the exact duration of defendant's residency in Texas, but McCarthy knew that it was at least one year. In light of the admission made by defendant, McCarthy knew that the statute of limitations was not an avenue that he could pursue as a defense. However, when defendant asserted that he did not reside at the home where the contraband was found and offered James as a supporting witness, McCarthy presented that defense.

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

As a practitioner in both trial and appellate courts, McCarthy learned the importance of preserving a record for purposes of appeal. However, he opined that it would not be ethical to file a motion that was false. McCarthy noted that defendant's own statements eliminated the statute of limitations issue and obviated any reason to file a motion on that basis. He testified that, "as an officer of the Court, I can't go filing a motion when I got facts told to me by my own client that I know make it so that it doesn't have merit."

On the contrary, defendant testified that he resided in Michigan and did not move to Texas for any extended period of time. Rather, beginning in 2009 or 2010, defendant had to provide daily assistance to his mother because of her health issues, and he received $495 a month in compensation.[3] He testified that he travelled to Texas beginning in 2011, to assist a cousin that suffered from lupus. He estimated that he made eight to nine trips to Texas, and his trips were two to three days in length. However, defendant approximated that he spent between 25 to 30 days in Texas between 2006 and 2012, excluding time periods that he was jailed in Texas or Michigan. Defendant acknowledged that his Michigan Bridge card was used predominantly in Texas commencing in January 2010, but claimed that he gave the card to his sick cousin for her use. In support of this assertion, he noted that the card was used during periods when he was incarcerated. To further buttress his claim of continuous Michigan residency, defendant also admitted his transcripts evidencing his attendance at Baker College. Upon questioning by the prosecutor, defendant denied having a romantic relationship with Tiffany Robinson, now a Texas resident, and further denied any attempt to have his mother and witness James lie on his behalf.

The prosecutor theorized that defendant left Michigan to continue his relationship with Robinson and fabricated the story about caring for a cousin suffering from lupus in Texas. After defendant denied residing in Texas, denied an intimate relationship and recent contact with Robinson, and denied coaching James and his mother to lie, the prosecutor played recorded phone calls in which defendant instructed his mother and James to corroborate his fabricated story that he went to Texas to visit a sick cousin named Precious Jackson who died in 2016. Additionally, defendant sent email correspondence to Robinson, apologizing for an argument about "our son," and expressing his love for her on multiple occasions. When defendant was arrested for burglary of a building on November 12, 2012, in Houston, Texas, the police report identified Robinson as a passenger in defendant's vehicle. The police report noted that defendant had a Michigan driver's license and his vehicle had a Michigan license plate, but identified defendant's address as 17114 Red Oak Drive in Houston, Texas. Additionally, defendant's records from Baker College reflected that he withdrew from classes on October 28, 2010. Finally, defendant admitted that a bond application provided his address as "Red Oak Drive" and indicated that he resided in Houston, Texas for three years, but he asserted that the information was incorrect and submitted by his mother. He proffered that the application had to provide a local residence to obtain the bond.

---

[3] Defendant apparently obtained payments for caring for his mother during a time period when he was jailed in Texas. He was advised regarding the potential for additional criminal liability as a result of those payments, but nonetheless chose to testify.

## III. TRIAL COURT RULING

The trial court held that the statute of limitations would have expired on October 20, 2012, absent any tolling of the period, MCL 767.24(9).[4] Because the general information was not filed until March 1, 2013, the prosecutor had the burden of demonstrating that defendant did not usually and publicly reside in Michigan for at least 132 days between October 20, 2006, the date of the offense, and March 1, 2013, the filing of the general information. MCL 767.24(10). The trial court found that defendant's testimony was "incredible" and contradicted by the recorded telephone conversations and emails. Instead, the trial court found that trial counsel's testimony regarding defendant's absence from Michigan to live in Texas for at least a year was credible and consistent with other evidence in the case, including defendant's withdrawal from classes on October 28, 2010, and the use of his bridge card in Texas. Finally, the trial court concluded that defendant was in Texas for at least 166 days between October 28, 2010 and the end of 2012. The trial court found that defendant did not receive ineffective assistance of counsel, there was no factual dispute that the charges were not barred by the statute of limitations, and counsel exercised reasonable trial strategy for failing to seek dismissal of the charges premised on the statute of limitations. From this decision, defendant appeals.

## IV. ANALYSIS

Defendant contends that the trial court improperly denied his request for a new trial because counsel rendered ineffective assistance for failing to investigate and challenge the statute of limitations. We disagree. A trial court's decision to deny a motion for new trial is reviewed for an abuse of discretion. *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008). An abuse of discretion occurs when the trial court selects an outcome falling outside the principled range of outcomes. *Id*. Whether a defendant has been denied the effective assistance of counsel presents a mixed question of fact and constitutional law. *People v Anderson*, 322 Mich App 622, 627-628; 912 NW2d 607 (2018). The trial court's factual findings are generally reviewed for clear error and questions of law are reviewed de novo. *Id*. at 628. When the trial court resolves a credibility issue pertaining to a conflict in witness testimony, the court's resolution of the issue is entitled to deference. *People v Farrow*, 461 Mich 202, 209; 600 NW2d 634 (1999).

To establish ineffective assistance of counsel, a defendant must show that (1) the lawyer's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) there is a reasonable probability that, but for the lawyer's deficient performance, the result of the proceedings would have been different. *Anderson*, 322 Mich App at 628. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. Effective assistance is presumed, and a defendant bears the heavy burden of proving otherwise. *People v Schrauben*, 314 Mich App 181, 190; 886 NW2d 173 (2016). However, counsel maintains the obligation to conduct a reasonable investigation or make a reasonable decision that a particular investigation is unnecessary. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). The defendant has the burden of establishing the factual

---

[4] The trial court cited to the original provisions of the statute, but noted that the statute had been amended and the pertinent statutory provisions were re-numbered.

predicate for the ineffective assistance claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). Counsel cannot be deemed ineffective for failing to advance a meritless argument or raise a futile objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Generally, an indictment must be found and filed within 6 years after the offense is committed. MCL 767.24(10). However, periods of time during which the defendant "did not usually and publicly reside" in Michigan are tolled, and therefore, not included when calculating the indictment period. MCL 767.24(11); *People v Blackmer*, 309 Mich App 199, 202; 870 NW2d 579 (2015). A defendant's subjective intent to return to Michigan has no bearing on the tolling calculation. *Id*. at 201-202. In Michigan, a statute of limitations defense in a criminal case is a nonjurisdictional waivable affirmative defense. *People v Burns*, 250 Mich App 436, 439-440; 647 NW2d 515 (2002).

In the present case, McCarthy testified that he was familiar with the six-year statute of limitations and was concerned that the charging documents indicated that the crime occurred in 2006. However, the potential statute of limitations defense was eliminated when defendant represented that he lived in Texas for "years." Although McCarthy could not recall the exact time period mentioned by defendant because of the length of time since the conversation had occurred, McCarthy knew that defendant represented that he lived in Texas for at least one year.[5] However, defendant also revealed that he did not live at the North Merrimac residence where the search warrant was executed and offered James as a witness to testify that he lived with her. Consequently, McCarthy pursued this defense.

To the contrary, defendant testified that he made incidental trips to Texas to care for a sick relative, but nonetheless resided in Michigan. He explained that his Michigan Bridge card was used in Texas because he gave it to his sick relative. However, defendant's testimony was belied by the recorded conversations he had with James and his mother. In those discussions, he coached the women to support his fabricated story that he merely made short trips to Texas to care for a cousin he would identify as "Precious Jackson."

Defendant failed to meet his burden of establishing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that the result of the proceedings would have been different. *Anderson*, 322 Mich App at 628. In this case, defendant represented to McCarthy that he left the state of Michigan for at least one year. Therefore, McCarthy appropriately concluded that a challenge to the statute of limitations would be meritless and that it would be unethical to file a motion unsupported by the facts. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland v Washington*, 466 US 668, 691; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The reasonableness of counsel's investigation decisions are critically premised on information supplied by the defendant, and counsel must make informed strategic choices in light of that information. *Id*. "[W]hen a defendant has given counsel reason

---

[5] Appellant's brief on appeal does not comport with MCR 7.212(C)(6) by citing materials facts, both favorable and unfavorable, and the credibility ruling of the court.

to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Id*.

McCarthy complied with the obligation to conduct an investigation into a statute of limitations defense, *Trakhtenberg*, 493 Mich at 52, reasonably concluded that the defense was unavailable in light of defendant's statements regarding his presence in Texas, *Strickland*, 466 US at 491, and the court did not clearly err in finding that the statute of limitations defense failed in light of the record evidence, *Anderson*, 322 Mich App at 628. We defer to the trial court's resolution of credibility issues in favor of McCarthy, *Farrow*, 461 Mich at 209, particularly where defendant's own statements disclose a manufactured defense and witness coaching. For these same reasons, defendant's contention that McCarthy should have investigated the statute of limitations defense and submitted the issue to the trier of fact for a decision is equally without merit.[6]

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel
/s/ James Robert Redford

---

[6] On appeal, defendant does not take issue with the trial court's credibility determinations and the minimal time period during which defendant resided in Texas. Defendant also made a blanket assertion that McCarthy should have interviewed witnesses and obtained statements, but he failed to identify the names of the witnesses and the content of any statements. This declaration, without more, does not demonstrate entitlement to appellate relief. *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009).